LAWSON v WAYNE COMMUNITY SCHOOL DISTRICT

1. SCHOOLS AND SCHOOL DISTRICTS—TENURE TEACHERS—TEACHERS
TENURE ACT—DISCHARGE—STATUTES.

Discharge or demotion of a teacher on continuing tenure may be
made only for reasonable and just cause, and only after
charges, notice, hearing, and determination of the charges
(MCLA 38.101).

2. SCHOOLS AND SCHOOL DISTRICTS—TENURE TEACHERS—TEACHERS
TENURE ACT—CHARGES—NOTICE—HEARING—STATUTES.

Charges against a teacher on continuing tenure must be made in
writing, signed by the person making the same, and filed with
the secretary, clerk or other designated officer of the control-
ling school board; the board, if it proceeds upon the charges,
must furnish the teacher with a written statement of the
charges, including a statement of the teacher's rights, and, at
the option of the teacher, provide for a hearing to take place
not less than 30 nor more than 45 days after the filing of the
charges (MCLA 38.102.)

3. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS TENURE ACT—CHARGES
—NOTICE—STATUTES.

General and conclusional allegations against a teacher on contin-
uing tenure are insufficient to provide the notice intended by a
provision of the teachers tenure act which requires that the
teacher be furnished with a written statement of charges filed
against him, including a statement of his rights (MCLA 38.102).

4. ATTORNEY AND CLIENT—COMMENTS—OPINION—ADVISE—COMPRO-
MISE—TEACHERS TENURE COMMISSION.

Statements of counsel before the teacher tenure commission that
his client, a plaintiff-teacher before the commission, would be
advised by him to resign after she had been reinstated and

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Schools §§ 183, 186.
[2] 68 Am Jur 2d, Schools §§ 185, 186, 188, 189.
[3] 68 Am Jur 2d, Schools § 188.
[4, 5] 68 Am Jur 2d, Schools § 192.
[6] 68 Am Jur 2d, Schools §§ 210, 212.

made whole financially did not compromise the teacher's position or rights where the comments merely expressed counsel's opinion and the substance of what he intended to advise his client.

5. Schools and School Districts—Tenure Teachers—Teachers Tenure Commission—Meeting of the Minds—Resignation.

There was no meeting of the minds of parties to an action for review of the discharge of a teacher on continuing tenure as to the issue of resignation of the teacher even though counsel for the teacher submitted an affidavit averring that the teacher had approved a resignation course of action before counsel made such representation when speaking at a teachers tenure commission hearing, where the record is insufficient to support a determination that the teacher authorized such a concession during the hearing and to warrant compelling the teacher's resignation.

6. Schools and School Districts—Teachers Tenure Act—Discharge—Remedies—Reinstatement—Back Pay—Mitigation —Statutes.

The appropriate remedy under the teachers tenure act where a teacher on continuing tenure has been discharged in violation of her statutory rights is to award back pay and order reinstatement; such a back pay award, however, is subject to mitigation (MCLA 38.103).

Appeal from Wayne, Roland L. Olzark, J. Submitted February 14, 1975, at Detroit. (Docket No. 18178.) Decided July 24, 1975.

Petition by Mary Lawson, a tenure teacher, for review of her suspension and subsequent discharge from employment by the Wayne Community School District. Back pay ordered by the State Tenure Commission. Modification of the award of back pay ordered by circuit court. Plaintiff appeals by leave granted. Affirmed in part, reversed in part and remanded.

*Fieger, Golden & Cousens,* for plaintiff.

*Tinkham, MacDonald, Jahr, & Steffen,* for defendant.

Before: V. J. BRENNAN, P. J., and D. E. HOLBROOK, JR. and O'HARA,* JJ.

PER CURIAM. This appeal arises out of the suspension and subsequent discharge of the plaintiff, Mary Lawson, by the defendant school board after approximately 20 years as a tenured teacher. After hearings before the controlling school board and the teacher tenure commission, and review in circuit court, leave to appeal was granted.

Plaintiff was notified by a letter dated April 3, 1969, of her dismissal retroactive to February 28, 1969, when she had been relieved of her duties by the school principal. The letter included the following conclusory charges as constituting a breach of contract justifying a discharge:

"1. The health, safety and welfare of the students in your classroom is in jeopardy.

"2. The deficiencies in the total instructional program for your second grade class that have been pointed out to you.

"3. A demonstrated lack of cooperation with the principal and others on a number of occasions and agreements as to future action in the classroom have been ignored by you."

The teacher tenure act provides that:

"Discharge or demotion of a teacher on continuing tenure may be made only for reasonable and just cause, and *only after such charges, notice, hearing, and determination thereof, as are hereinafter provided."* MCLA 38.101; MSA 15.2001. (Emphasis supplied.)

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"All charges against a teacher shall be made *in writing, signed by the person making the same,* and filed with the secretary, clerk or other designated officer of the controlling board. Charges concerning the character of professional services shall be filed at least 60 days before the close of the school year. The controlling board, if it decides to proceed upon such charges, *shall furnish the teacher with a written statement of the charges* including a statement of the teacher's rights under this article, and shall, at the option of the teacher, provide for a hearing to take place not less than 30 nor more than 45 days after the filing of such charges." MCLA 38.102; MSA 15.2002. (Emphasis supplied.)

The statute is mandatory, requiring written charges as well as the signature of the party asserting the charges. See, *e.g., Wright v Port Huron Area School District,* 13 Mich App 1; 163 NW2d 673 (1968), *Biberstine v Port Austin School District No 9,* 51 Mich App 274; 214 NW2d 729 (1974), *lv den,* 392 Mich 766 (1974). General and conclusory allegations are insufficient to provide the notice intended by the statutory provision.

It is undisputed that the above mentioned letter was the sole communication to plaintiff of the charges and was only signed by the secretary of the defendant, not the person making the charges. Plaintiff consistently argued the defendant's noncompliance with the statute and her arguments were properly sustained by the teacher tenure commission and the circuit court.

The real contention at issue is the nature and extent of the relief to be accorded plaintiff. The commission awarded back pay for the remainder of the school year in which plaintiff was dismissed whereas the circuit court modified the award by allowing the amount of salary for the period ex-

tending through the appeal to the commission. MCLA 38.103; MSA 15.2003.

Plaintiff prays for reinstatement, claiming she is entitled to such employment. Defendant maintains that throughout these proceedings, plaintiff has represented she would resign due to the atmosphere of animosity between plaintiff and defendant's other employees. The commission and circuit court did not specifically discuss reinstatement although the circuit court noted the plaintiff attorney's recommendation that she resign.

The record of the proceedings below evidence no indication of plaintiff's intent to resign; her actual resignation; or, a proposed date for termination. The only documentation intimating the possibility of a resignation was in the attorney's closing argument before the commission. Plaintiff's counsel stated:

"I am going to make this final observation. I understand the atmosphere that has been created in that school district, without the fault of Mrs. Lawson, *and in my opinion I shall advise my client that it would be foolhardy for her to go back to teach there after what has happened. And I shall advise her, I will expect she will follow my advise [sic], she resign from that school system after she has been reinstated and financially made whole.*

"We ask at your hands relief as we think we are justly entitled to." (Emphasis supplied.)

This comment alone could not bind the plaintiff. It merely expressed the attorney's opinion and the substance of what he intended to advise plaintiff. Such argument did not compromise plaintiff's position or rights. *Henderson v Great Atlantic & Pacific Tea Co,* 374 Mich 142; 132 NW2d 75 (1965).

Plaintiff's trial attorney has submitted an affida-

vit averring that the plaintiff had approved such a course of action (resignation) prior to his statements. Nevertheless, the record is insufficient to support a determination that plaintiff authorized such a concession during the hearing and to warrant compelling plaintiff's resignation. It is evident that there has been no meeting of the minds of the parties as to the issue of resignation. *Wiljamaa v Board of Education of the City of Flint,* 50 Mich App 688; 213 NW2d 830 (1973).

The hearing before the controlling school board and resulting discharge violated plaintiff's statutory rights under the teacher tenure act. The appropriate remedy is to award back pay, MCLA 38.103; MSA 15.2003, and order reinstatement. Such a back pay award, however, is subject to mitigation. *Shiffer v Board of Education of Gibraltar School District,* 393 Mich 190; 224 NW2d 255 (1974).

Affirmed in part; reversed in part; and remanded for a determination of the appropriate amount of back pay.