## DAVIS v BOARD OF EDUCATION OF THE SCHOOL DISTRICT FOR THE CITY OF RIVER ROUGE

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—REMEDIAL STATUTES—DISCRIMINATORY PRACTICES—STATUTES.

    The teachers' tenure act is a remedial statute designed to protect teachers' rights and to protect teachers from discriminatory practices (MCLA 38.71 *et seq.;* MSA 15.1971 *et seq.).*

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—TENURED TEACHERS—DISCHARGE—HEARINGS—CONSTITUTIONAL LAW—PROCEDURAL DUE PROCESS.

    A hearing conducted by a school district's board of education for the purpose of the discharge of a tenured teacher must comport with procedural due process.

3. APPEAL AND ERROR—STATUTES—STATUTORY CONSTRUCTION—FUNCTION OF REVIEWING COURT—LEGISLATIVE INTENT.

    It is the function of a reviewing court to seek to effectuate the intent of the Legislature when resolving cases involving disputed interpretations of statutory language.

4. STATUTES—STATUTORY CONSTRUCTION—APPEAL AND ERROR—CLEAR AND UNAMBIGUOUS LANGUAGE—AMBIGUOUS LANGUAGE—LEGISLATIVE INTENT.

    A statute must be enforced as written where the statutory language is clear and unambiguous on its face; however, if the language contains an ambiguity, or is susceptible to two or more constructions, then the Court of Appeals must look to the objectives sought to be accomplished by the Legislature in passing the statute.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 68 Am Jur 2d, Schools § 149 *et seq.*

Teachers' tenure statutes. 110 ALR 791, s. 113 ALR 1495, 127 ALR 1298.

[2, 5] 68 Am Jur 2d, Schools §§ 168, 186.

[3] 73 Am Jur 2d, Statutes § 194 *et seq.*

[4, 5] 73 Am Jur 2d, Statutes §§ 145, 146.

[6] 73 Am Jur 2d, Statutes §§ 22, 25.

[7] 68 Am Jur 2d, Schools §§ 208, 209, 212.

5. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—DIS-
    CHARGE—HEARINGS—RECORD OF HEARINGS—STATUTES—STATU-
    TORY CONSTRUCTION.

The subsection of the teachers' tenure act which requires a school
board at a hearing on the discharge of a tenured teacher to
employ a stenographer who shall make a full record of the
proceedings of such hearing and who shall within ten days
after the conclusion of the hearing furnish the board and the
teacher affected thereby with a copy of the transcript of such
record is not to be interpreted in conjunction with another
subsection of the act and unambiguously requires notice to the
teacher within ten days of the proceedings at the hearing, not
within ten days of the board's decision based on these proceed-
ings (MCLA 38.104[e] and [f]; MSA 15.2004[e] and [f]).

6. STATUTES—STATUTORY CONSTRUCTION—MANDATORY LANGUAGE.

The term "shall" used in a statute is generally defined as being
mandatory in nature and not permissive.

7. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—DISCHARGE—PROCE-
    DURAL RIGHTS—REINSTATEMENT—BACK PAY.

The appropriate remedy where a teacher's procedural rights were
violated in the discharging process is reinstatement with back
pay.

Appeal from Ingham, Thomas L. Brown, J. Sub-
mitted December 15, 1976, at Detroit. (Docket No.
26137.) Decided January 17, 1977. Leave to appeal
applied for.

Daniel W. Davis was suspended by the Board of
Education of the School District for the City of
River Rouge. Davis appealed to the State Tenure
Commission which ordered that plaintiff be rein-
stated with back pay. Defendant board of educa-
tion appealed to the Ingham County Circuit Court
where the commission's order was affirmed. De-
fendant appeals by leave granted. Affirmed.

*Fieger, Golden & Cousens* (by *Gayle S. Boesky*),
for plaintiff.

*Logan & Huchla* (by *Charles E. Wycoff*), for defendant.

Before: R. M. MAHER, P. J., and V. J. BRENNAN and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Plaintiff is a River Rouge schoolteacher. He was suspended by the board of education for unprofessional conduct. This ruling was reversed by the State Teacher Tenure Commission, which ordered that plaintiff be reinstated with back pay. It did so because of what they viewed as noncompliance with MCLA 38.104(e); MSA 15.2004(e), which reads as follows:

"Sec. 4 The hearing shall be conducted in accordance with the following provisions:

\* \* \*

"e. The controlling board shall employ a stenographer who shall make a full record of the proceedings of such hearing and who shall, within 10 days after the conclusion thereof, furnish the controlling board and the teacher affected thereby with a copy of the transcript of such record, which shall be certified to be complete and correct."

Without elaborate details, the uncontroverted facts which faced the commission were as follows: Plaintiff was not served with a copy of the transcript within 10 days after the conclusion of the testimony taken at the hearing. This was not, however, the case with the school board, as they received their copy of the transcript within the 10-day period. The plaintiff actually received a copy of the transcript from the school board two days after the decision of the board was issued.

With this factual posture in mind, the commission reasoned that the provision was not complied

with because the 10-day period ran from the conclusion of the testimony, not from the issuance of the decision as argued by the board. Moreover, the commission concluded that strict compliance with this provision was required; hence, the failure to comply with the time limitation mandated reversal of the board's decision and reinstatement of the plaintiff with back pay.

On appeal to the Ingham County Circuit Court, this ruling was affirmed. In response to defendant's argument that subsection (e) be read in conjunction with MCLA 38.104(f); MSA 15.2004(f),[1] the trial judge was of the opinion that subsections (e) and (f) must be read separately, so that a teacher must be furnished with a copy of the transcript within 10 days after the conclusion of the testimonial portion of the hearing. The trial judge further ruled that the failure of the stenographer, an employee of the school board, to transmit this copy to plaintiff within the required time period, divested the school board of jurisdiction to render a decision.[2]

As noted above, it is the position of the defendant that the 10-day period was intended by the Legislature to begin with the decision of the board of education. Specifically, our attention is directed to the recent case of *Royal Oak School District v Schulman,* 68 Mich App 589; 243 NW2d 673 (1976), as buttressing this argument.

Prefatory to examining the propriety of this contention, we think it important to note certain

---

[1] "f. Any hearing held for the dismissal or demotion of a teacher, as provided in this act, must be concluded by a decision in writing, within 15 days after the termination of the hearing. A copy of such decision shall be furnished the teacher affected within 5 days after the decision is rendered."

[2] We interpret this to mean that the board was compelled to follow the automatic reinstatement rule, hereinafter noted, where there was noncompliance with the procedures in the act.

basic principles we must always be mindful of when interpreting a provision of the teachers' tenure act. First, it has repeatedly been emphasized that the basic purpose of the act is to protect a teacher's rights. *Schulman, supra, Weckerly v Mona Shores Board of Education,* 388 Mich 731; 202 NW2d 777 (1972). Moreover, it is a remedial statute designed to protect workers from discriminatory practices in hiring, promotion, fringes, etc. *Shiffer v Board of Education of Gibraltar School District,* 393 Mich 190; 224 NW2d 255 (1974). Lastly, the hearing provided by the board of education before a tenured teacher can be discharged, must comport with procedural due process. *Mullally v Trenton Board of Education,* 13 Mich App 464; 164 NW2d 742 (1968).

Against this backdrop, let us review the applicability of *Schulman* to the case at hand. In *Schulman,* this Court was faced with the question of when a hearing is concluded for purposes of MCLA 38.104(a); MSA 15.2004(a),[3] dealing with the teacher's option to have either a public or private hearing. In reaching its decision, this Court construed subsection (f), but made no reference to subsection (e). The language in subsection (f) was found to mean, in accordance with the legislative purpose of protecting teachers' rights, that the hearing was concluded by the board's decision in writing. Accordingly, we are now asked by defendant to embrace this interpretation in subsection (e) and find the commission's interpretation erroneous. We think a close examination sheds ample light on the inapplicability of *Schulman.*

The trial judge in rejecting the defendant's premise stated, in part, the following:

---

[3] "a. The hearing shall be public or private at the option of the teacher affected."

"It appears in this case that it would be inappropriate and improper for this Court to read those two sections together. It appears to this Court that it is the purpose, intent, of the legislature to say that with unequivocal language, when you read Sub-Section E by itself, separate from any other consideration, it says that at the conclusion of the hearing, and within 10 days thereafter, the controlling Board and the teacher are entitled to a copy of the transcript.

"Now, that is, as pointed out by counsel in briefs, is for a number of reasons. The teacher is further prepared before a decision is made; any missing school board member can acquaint himself with the proceedings, the facts, the matters brought up in this hearing, or all of them, or the one that he missed, in order to appropriately render a decision, which is set forth in Sub-Section F."

We agree with this interpretation and reasoning. The function of the reviewing court is to seek to effectuate the Legislature's intent. *Ford Motor Co v State Tax Commission,* 63 Mich App 577; 234 NW2d 711 (1975). If the statutory language is clear and unambiguous on its face, the statute must be enforced as written. *Dussia v Monroe County Employees Retirement System,* 386 Mich 244; 191 NW2d 307 (1971). But if the language contains an ambiguity, or is susceptible to two or more constructions, then the Court must look to the objectives sought to be accomplished by the Legislature in passing the statute. *Schulman, supra,* at 593.

When these canons of construction are employed herein, the language is unambiguous. A close reading of the statute shows that subsection (f) refers only to a "hearing" whereas subsection (e) contains the words "proceedings of such hearing". Thus, employing the "cardinal rule of statutory construction that the legislative intent must be

gathered from the language used, if possible",[4] we think this distinction crucial. The natural reading of these provisions supports both the commission's and the trial court's interpretation of the provision. Nor is any persuasive reason advanced why these terms should not carry their natural significance.

We further note a persuasive reason why the literal language should be followed. If this construction is accepted, a rational scheme results throughout the statute. As pointed out by the plaintiff, MCLA 38.121; MSA 15.2021, provides that the teacher has 30 days from the date of the school board's decision in which to appeal to the State Tenure Commission. If defendant's interpretation of the statute, that 10 days following the decision can elapse before the transcript need be provided, is accepted, the 30-day statutory appeal period could effectively be decreased to 20 days. For example, as we noted previously, the plaintiff was not served with a copy of the transcript until two days after the decision of the board of education. Thus, the plaintiff was effectively given only 28 days to prepare his appeal. We think this result wholly inconsistent with the aforestated remedial purposes of the act. If the Legislature had intended only a possible 20-day appeal period, it would have clearly said so.

Next, defendant suggests that this provision is a directory rather than a mandatory requirement. We disagree. The Courts of this state have consistently held that discharge of a tenured teacher can only be accomplished by strict compliance with the procedural safeguards of the teachers' tenure act. *Biberstine v Port Austin Public School District No. 9,* 51 Mich App 274, 276–277; 214 NW2d 729

---

[4] *Goethal v Kent County Supervisors,* 361 Mich 104, 111; 104 NW2d 794 (1960).

(1974), *lv den,* 392 Mich 766 (1974), *Wilson v Flint Board of Education,* 361 Mich 691; 106 NW2d 136 (1960). In *Lawson v Wayne Community School District,* 63 Mich App 57, 60; 233 NW2d 713 (1975), we again noted that the use of the word "shall" was mandatory, not directory. See also, *Sears v Department of Treasury,* 57 Mich App 218, 224; 226 NW2d 63 (1974). We see no reason not to follow this well settled principle herein.

It is also urged by the defendant that reinstatement with back pay is too harsh a remedy to be enforced against a school board for noncompliance with subsection (e). In *Lawson, supra,* at 62, this Court specifically stated that the appropriate remedy where a teacher's procedural rights are violated is reinstatement with back pay:

"The hearing before the controlling school board and resulting discharge violated plaintiff's statutory rights under the teacher tenure act. The appropriate remedy is to award back pay, MCLA 38.103; MSA 15.2003, and order reinstatement. Such a back pay award, however, is subject to mitigation. *Shiffer v Board of Education of Gibraltar School District,* 393 Mich 190; 224 NW2d 255 (1974)."

Defendant's remaining contention is without merit. Accordingly, we affirm. Costs to plaintiff.