HOLMES, Judge.
This is a teacher tenure case.
The record reveals the following: On August 25, 1977, the board of education notified the tenured teacher of its intent to cancel the teacher’s employment contract. The teacher thereafter notified the board of his intention to contest the board’s decision. A hearing was held on September 20 and 28 of 1977. The teacher was notified on September 30, 1977, that his contract was canceled. On October 5, 1977, the teacher notified the board of education of his intention to appeal to the State Tenure Commission.
Thereafter, on October 19, 1977, more than twenty days after the hearing before the board of education, the teacher made a motion before the Commission to strike the transcript of the hearing held before the board of education. The basis of this motion was that the board had failed to timely file with the Tenure Commission and the teacher a complete transcript of the hearings held on September 20 and 28. The motion specifically alleged that the board of education had failed to comply with Code of Ala.1975, § 16-24-10.
The Tenure Commission granted the teacher’s motion and reversed the board of education’s action. The board of education then sought mandamus in the circuit court. The circuit court denied the board’s petition for mandamus and, from this action, appeal was taken to this court.
The board, through able and distinguished counsel, argues in brief that in situation such as this, the Commission has the authority to extend the time within which transcripts of hearings held before county boards of education are to be filed with the Commission. Second, the board maintains that the action of the Commission in striking the transcript of the hearing before the board in this matter was arbitrary and unjust and should be vacated.
To this court, the dispositive issue in this instance is whether the Tenure Commission acted properly in granting the teacher’s motion to strike the transcript for failure to timely file as required by Code of Ala.1975, § 16-24-10.
The record before this court reveals the following additional information. After the October 19 filing of the teacher’s “Motion to Strike,” the board of education, on October 24, wrote a letter to the Tenure Commission. This letter stated that it was an impossibility for the board to complete and file the transcript within the time indicated by § 16-24-10. Several days thereafter, apparently on November 1, the board filed with the Tenure Commission a motion requesting an extension of time within which to file the required transcript.
Thereafter, the Tenure Commission set a hearing on the aforesaid motions. This hearing was held on November 7 and on that date the board of education filed the transcript. The result of the hearing culminated in this appeal.
The Code of Ala.1975, § 16-24-9 and § 16-24-10, in pertinent part reads as follows:
“After each party, has presented its case at said hearing, the employing board of education may determine the question of the cancellation of the contract by a majority vote, or it may defer action regarding the decision for a period not to exceed five days. Its action and vote, whether *340 taken immediately following the hearing or within five days thereafter, shall be evidenced by the minute proceedings of the board and shall be only after full compliance with this section. . .

“(b) The teacher shall have the right to appeal to the state tenure commission, as hereinafter established, to obtain a review by the commission as to whether such action was in compliance with this chapter and whether such action was arbitrarily unjust. Such appeal shall be taken by filing within 15 days after the decision of the employing board a written notice of appeal with the superintendent or chairman of said board. If Said appeal is not taken within 15 days after decision of the board, the board’s decision shall be final. Upon notice of appeal, the board shall cause to be made sufficient copies of the record of proceedings to provide a copy for each of the members of the commission and one for the teacher. The record shall consist of all notices given to the teacher, all papers filed with the board by the teacher in compliance with the provisions of this chapter, transcript of testimony and other evidence and the findings and decisions of the board. The requisite number of copies of the record shall be delivered to the commission and to the teacher within 20 days from the day of the hearing. The commission shall set a date for the hearing at which the board and the teacher, or a representative of each, shall have an opportunity to be heard. The date of such hearing shall be within 40 days after the decision of the board, and the teacher and the board shall be given at least five days’ notice of the time and place where the appeal will be considered. On said appeal the commission will consider the case on the record of the proceedings before the said board and the evidence as recorded at such hearing. The commission shall by a majority vote determine the validity of the action by the board and shall render its decision within five days after its hearing.”
The Tenure Commission contends that there is ample evidence to support its action in light of the mandate regarding the scope of appellate review as set by our supreme court in Sumter County Bd. of Ed. v. Ala. State Tenure Commission, Ala., 352 So.2d 1137 (1977). Specifically and without detail, the Commission argues that its action is required by the aforesaid provisions of the Tenure Act.
The fundamental rule of courts in construing acts of the legislature is to ascertain and give effect to the legislative intent. If possible, such intent must be gathered from the language of the legislation itself. Morgan County Bd. of Ed. v. Ala. Public School & College Authority, 362 So.2d 850 (Ala., 1978); Drake v. Pennsylvania Threshermen & Farmers’ Mut. Cas. Ins. Co., 265 Ala. 444, 92 So.2d 11 (1957).
It is clear to this court that the pertinent sections of the code provide for the following: An employing board of education must act, i. e., make a decision within five days of the hearing before the board. If the teacher appeals this decision, the appeal must be taken within fifteen days of the decision of the board. Upon notice of the appeal, the board is required to make copies of the record. The requisite copies of the record before the board of education shall be delivered to the Commission and the teacher within twenty days from the hearing before the board of education. Thereafter, it is the duty of the Commission to set a hearing. This hearing before the Tenure Commission shall be within forty days after the decision of the board of education.
After a careful study of the above code sections, it is clear to this court that the code sections, as applied in the instant appeal, are not inconsistent or unreasonable. It is true that they provide for a rather short time frame for the various acts to take place. However, it appears that these sections could have been complied with in this instance. We would further note that there are obvious reasons for the speedy disposition of teacher tenure cases.
*341 Having said the above, we now address ourselves to the pertinent facts of this case.
The hearing before the board of education was concluded on September 28. On October 19, more than twenty days after the hearing before the board, the teacher requested the Tenure Commission to strike the transcript due to the board’s failure to file within the twenty days mandated by the statute. No request for an extension of time had been made by the board of education at this point. It was not until several days after October 24 that the board of education requested an extension of the twenty-day limit. Put another way, the first request for an extension of time occurred after the expiration of the twenty-day requirement. The Tenure Commission, after a hearing, denied the request.
Viewing the Tenure Commission’s action in light of the supreme court decision in Sumter County, supra, there is sufficient evidence to support the conclusion that the board of education failed to comply with the statutory requirement relating to the twenty-day time limit for filing the transcript.
The appellate court of Michigan, in dealing with a remarkably similar case and statutory requirement, reached the same conclusion as we have in this instance. See Davis v. Bd. of Ed. of School District, 73 Mich.App. 358, 251 N.W.2d 585 (1977). In Davis, supra, the Michigan court stated that the board of education, in failing to comply with the statutory requirement such as we have here, failed to afford the teacher his procedural due process rights. Our supreme court, in State Tenure Commission v. Madison County Bd. of Ed., 282 Ala. 658, 213 So.2d 823 (1968), concluded that due process must be observed by all boards, as well as courts.
In view of the above, keeping in mind the standard of review as mandated by Sumter County, supra, we cannot say the Tenure Commission or circuit court erred in its determination in this case.
The case is due to be. affirmed,
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.