## DAVIS v RIVER ROUGE BOARD OF EDUCATION

Docket No. 59395. Decided July 12, 1979. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals.

Daniel Davis, a tenured teacher employed by the River Rouge School District, was suspended by the board of education for unprofessional conduct. The State Tenure Commission ordered the plaintiff's reinstatement to his former position with back pay because the school board failed to furnish the transcript of the hearing to the plaintiff within ten days after the hearing before the board of education as required by the teacher tenure act. The Ingham Circuit Court, Thomas L. Brown, J., and the Court of Appeals, R. M. Maher, P.J., and V. J. Brennan and N. J. Kaufman, JJ., affirmed (Docket No. 26137). The defendant applied for leave to appeal and, upon filing of findings of fact by the State Tenure Commission on the reasons for the delay in delivery of the transcript, the Supreme Court issued a per curiam opinion in which it was *held:*

1. The teacher tenure act requires the school board to furnish a teacher with a copy of the transcript within ten days after the conclusion of the taking of testimony, *i.e.,* the disciplinary "hearing". However, the statute does not provide a remedy if the board fails to comply. The teacher has 30 days from the date of the school board's decision in which to appeal to the State Tenure Commission. Failure to timely provide the transcript may effectively shorten the time for appeal. In this case the plaintiff received his copy of the transcript two days after the board's decision, leaving him only 28 days to prepare his appeal.

2. The State Tenure Commission has consistently ordered reinstatement of the teacher for late delivery of the transcript, without regard to the merits of the appeal. Ordinarily the construction placed upon a statute by the agency which administers it is entitled to great weight. However, the Court does not believe that the Legislature intended to provide for automatic reinstatement of a teacher who may be unfit and who has not been prejudiced by the delay in furnishing the transcript.

3. The more reasonable remedy is to toll the period for

appeal so that the teacher has the same amount of time for taking an appeal that he would have had if the transcript had been furnished on time. Since the plaintiff in this case does not claim prejudice from the seven-day delay in furnishing the transcript, the judgment of the Court of Appeals is reversed, and the matter is remanded to the State Tenure Commission for consideration of the merits of the plaintiff's appeal.

Justice Williams, joined by Justices Levin and Moody, agreed in tolling the period for appeal and remanding to the State Tenure Commission for a hearing on the merits, but would also order the payment of the teacher's salary for the time during which the transcript is delayed. He wrote:

1. The statutory requirement that the school board furnish a teacher with a copy of the transcript within ten days after the conclusion of the disciplinary hearing was enacted as a procedural protection in furtherance of the general aims of the act and in particular as a safeguard to the teacher's right to prompt appeal. Without the transcript, a teacher obviously cannot properly prepare an appeal from an adverse decision. In this case the teacher had been discharged and was deprived of a continuing means of livelihood during the unreasonable delay in delivery of the transcript. The longer a teacher has to await a final decision, the greater the hardship. Even subsequent reinstatement with back pay does not solve the serious problem of meeting the day-to-day costs of living during the period of discharge. So if the malfeasance or nonfeasance of the board delays that final decision through failure to deliver the transcript, the teacher is per se prejudiced and unfairly penalized.

2. The traditional remedy of reinstatement may saddle school children with an unsatisfactory school teacher. The problem then is to do justice to the teacher and to encourage the board to comply with the ten-day requirement of the teacher tenure act without jeopardizing the education of school children. Therefore, the statutory time to appeal a decision of a school board is tolled during any delay in providing the transcript beyond the time provided in the statute. In addition, the teacher should be entitled to the payment of salary commencing the first day beyond the expiration of the statutory ten-day period for delivery of the transcript and until the transcript has been received. In this case the State Tenure Commission found that there was no excuse for the delay in delivering the transcript. Therefore, the delay can only be described as unreasonable and unjustifiable. In any case, any delay beyond the statutory period is so inherently prejudicial that the teacher

should be entitled to lost salary for the period of delay in delivery of the transcript.

Reversed and remanded to the State Tenure Commission for further proceedings.

73 Mich App 358; 251 NW2d 585 (1977) reversed.

*Fieger, Golden & Cousens* (by *Gayle S. Boesky)* for plaintiff.

*Logan & Huchla* (by *Charles E. Wycoff)* for defendant.

PER CURIAM. The issue to be resolved in this case is whether a tenured teacher, discharged following a hearing before a school board, is entitled to automatic reinstatement when the board has failed to furnish the teacher with a copy of the hearing transcript within ten days of the hearing, as required by MCL 38.104(e); MSA 15.2004(e). We hold that the proper remedy is not reinstatement, but rather a tolling of the period for an appeal.

Plaintiff Davis, a tenured teacher, was suspended from his duties on October 15, 1973, pending the outcome of a hearing on charges of unprofessional conduct. On November 27, 1973, a hearing was held before the school board. On December 7, 1973, ten days after testimony was taken, the stenographer delivered a copy of the hearing transcript to the school board. The stenographer did not furnish plaintiff Davis with a copy.

On December 12, 1973, the school board rendered its decision finding the plaintiff guilty of unprofessional conduct. Seventeen days after the hearing, on December 14, 1973, the board delivered a copy of the hearing transcript to the plaintiff's attorney.

The plaintiff appealed to the State Tenure Commission on January 11, 1974. The commission

ruled that the plaintiff should be reinstated to his former position with back pay, because of the board's failure to timely furnish the transcript. The commission did not consider the merits of the plaintiff's appeal. The circuit court and Court of Appeals affirmed. 73 Mich App 358; 251 NW2d 585 (1977).

The Court of Appeals found that the school board had violated MCL 38.104(e); MSA 15.2004(e), which states:

"The hearing shall be conducted in accordance with the following provisions:

* * *

"e. The controlling board shall employ a stenographer who shall make a full record of the proceedings of such hearing and who shall, within 10 days after the conclusion thereof, furnish the controlling board and the teacher affected thereby with a copy of the transcript of such record, which shall be certified to be complete and correct."

We agree with the Court of Appeals that the above statute requires the school board to furnish the teacher with a copy of the transcript within ten days after the conclusion of the taking of testimony, *i.e.,* the "hearing". See *Rehberg v Board of Education of Melvindale, Ecorse Twp School District No 11, Wayne County,* 330 Mich 541, 547; 48 NW2d 142 (1951). However, the statute does not say what happens when the board fails to comply.

As the Court of Appeals noted, MCL 38.121; MSA 15.2021 gives the teacher 30 days from the date of the school board's decision in which to appeal to the tenure commission. Failure to timely provide a teacher with a copy of the transcript may effectively shorten this statutory period for an appeal. In the case at bar, for example, the plain-

tiff received his copy of the transcript two days after the board's decision, leaving him with only 28 days to prepare his appeal.

In this situation the State Tenure Commission has consistently ordered reinstatement of the teacher, without regard to the merits of the appeal. We acknowledge that the construction placed upon a statute by the agency legislatively chosen to administer it is entitled to great weight. *Magreta v Ambassador Steel Co (On Rehearing)*, 380 Mich 513, 519; 158 NW2d 473 (1968). However, we disagree with the commission's construction in this instance. We do not believe the Legislature intended to provide for automatic reinstatement of a teacher who may be unfit and who has not been prejudiced by the delay in furnishing a transcript.

The more reasonable remedy is to toll the period for appeal so that the teacher has the same amount of time for taking an appeal that he would have had if the transcript had been furnished on time. The Court of Appeals has utilized such a remedy in the cases of failure to notify a teacher of his right to appeal, *Goodwin v Board of Education of the School District of Kalamazoo*, 82 Mich App 559, 573; 267 NW2d 142 (1978), and failure to give a teacher written notice of the charges and a statement of rights under the teacher tenure act, *Biberstine v Port Austin Public School District No 9*, 51 Mich App 274, 278; 214 NW2d 729 (1974), *lv den* 392 Mich 766 (1974). See also *Montiy v Civil Service Board of East Detroit*, 54 Mich App 510, 514-515; 221 NW2d 248 (1974).

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgment of the Court of Appeals. Since plaintiff does not claim prejudice from the seven-day delay in furnishing the transcript, we remand the case to the State

Tenure Commission for consideration of the merits of the plaintiff's appeal. We do not retain jurisdiction.

COLEMAN, C.J., and KAVANAGH, FITZGERALD, and RYAN, JJ., concurred.

WILLIAMS, J. *(for reversal and payment of salary for unreasonably lost time).* The issue in this case is the appropriate way to enforce the requirement that a school board supply a disciplined teacher with a transcript of the record of the discipline hearing within ten days after the conclusion thereof. The tenure commission and the courts below ordered the discharged teacher reinstated because the school board delivered the transcripts seven days late. We reverse and remand to the tenure commission for a hearing on the merits, tolling the time for the teacher's response by the time of delayed delivery, and ordering the board to pay the teacher's salary for a period equivalent to the delay in transcript delivery.

The plaintiff, Daniel Davis, was suspended from his teaching position on October 15, 1973, for alleged unprofessional conduct. On November 27, 1973 a hearing was held before the school board on the charges. All testimony taken was received on this date. MCL 38.104(e); MSA 15.2004(e) provides:

"The hearing shall be conducted in accordance with the following provisions:

\*   \*   \*

"e. The controlling board shall employ a stenographer who shall make a full record of the proceedings of such hearing and who shall, within 10 days after the conclusion thereof, furnish the controlling board and the teacher affected thereby with a copy of the transcript of

such record, which shall be certified to be complete and correct."

On December 7, 1973, ten days after the hearing, the stenographer delivered a copy of the transcript to the school board. The plaintiff was not furnished a copy at that time. On December 12, 1973 the school board rendered its decision finding plaintiff guilty of unprofessional conduct and suspending him for the balance of the 1973-1974 school year. On December 14, 1973, 17 days after the hearing, the school board delivered a copy of the hearing transcript to the plaintiff teacher's attorney.

On January 11, 1974, the plaintiff appealed to the State Tenure Commission. On July 31, 1974, the tenure commission decided that the school board had failed to provide the plaintiff with a copy of the transcript within ten days of the conclusion of the hearing as required by MCL 38.104(e); MSA 15.2004(e) and that such delay was inherently prejudicial to plaintiff. Therefore, the tenure commission ordered that plaintiff be reinstated and paid for all wages lost during the disciplinary suspension.

On November 16, 1974, the defendant filed a petition for review with the circuit court. The circuit court affirmed the tenure commission by order entered August 25, 1975.

On December 15, 1976, the defendant appealed to the Court of Appeals. The Court of Appeals affirmed January 17, 1977, 73 Mich App 358; 251 NW2d 585 (1977). The defendant filed a delayed application for leave to appeal with this Court. By order, November 30, 1977, we

"remanded to the State Teacher Tenure Commission

for an evidentiary hearing to determine and report to this Court the reason for the delay in transcribing and filing the record." 402 Mich 819.

We retained jurisdiction.

On remand, November 1, 1978, the tenure commission concluded that

"the delay in delivery of the transcript [was] due solely to the inaction of the board. The reporter was instructed to prepare and did prepare and deliver the transcript within the ten-day period. Thereafter, no action was taken to provide Mr. Davis with a copy of the transcript until December 13, 1973, sixteen (16) days after the close of the evidentiary hearing."[1]

The commission further noted that:

"Appellee [school board] offers no reason for the delay in delivery. Nor does the record disclose any justification for the delay in delivery."

The traditional response to this situation has been to reinstate the teacher. That is what the State Tenure Commission did and that is what the circuit court and the Court of Appeals did. There is sound justification for this, because the teacher tenure law was enacted as a necessary protection in matters central to the livelihood of teachers.

In this instance, we are dealing with the failure of the school board to deliver a transcript to a discharged teacher within the statutorily prescribed ten days. This rule obviously was enacted as a procedural protection in furtherance of the

---

[1] On December 13, 1973, an unsuccessful attempt was made to deliver a copy of the transcript to Mr. Davis. On December 14, 1973, 17 days after the close of the evidentiary hearing, a copy of the transcript was delivered to Mr. Davis' counsel.

general aims of the act and in particular as a safeguard to the teacher's right to prompt appeal.[2]

Without the transcript, a teacher obviously cannot properly prepare an appeal from an adverse decision. In this case the teacher had been discharged and was deprived of a continuing means of livelihood during the unreasonable delay in delivery of the transcript. The longer a teacher has to await a final decision, the greater the hardship. Even subsequent reinstatement with back pay does not solve the serious dilemma of meeting the day-to-day costs of living during the period of discharge. So if the malfeasance or nonfeasance of the board delays that final decision as through failure to deliver the transcript, the teacher is per se prejudiced and unfairly penalized.

The traditional response of reinstatement is certainly a definite way to rectify the situation for the teacher and encourage the board to act promptly and fairly. However, such action may also saddle school children with an unsatisfactory schoolteacher. The problem then is one of resolving the failure to comply with the act in a manner which does not disregard the rights of any of the parties intimately involved, *i.e.,* to do justice to the teacher and to encourage the board to act without jeopardizing the education of school children.

It is suggested that tolling the teacher's filing time by the time delivery of the transcript is overdue would be a more appropriate action than reinstating the teacher. That does permit the teacher to have court review of the correctness of the discharge determination and it does avoid the possibility of school children being saddled with an unsatisfactory teacher. However, it does nothing at

[2] *Shiffer v Gibraltar Board of Education,* 393 Mich 190, 212; 224 NW2d 255 (1974) (opinion by WILLIAMS, J.).

all to resolve the serious immediate problems of the teacher who is without a means of earning a livelihood and may remain so until the board is disposed to act. Further, this solution also offers no inducement whatsoever to the board to comply with the ten-day rule, or, in fact, to ever provide the teacher with a transcript so his or her appeal can be prosecuted. In sum, this suggestion is all right as far as it goes, but it does not go far enough to be just and viable.

A more desirable alternative, and one we adopt, is to require, in addition to the tolling of the teacher's response time by the overdue delivery time, that the board commence paying the teacher's salary forthwith for each day beyond the ten-day period required by statute, and continue so paying until the transcript has been delivered and received. This solution is just and equitable to all concerned. For the teacher, it provides something to live on during the unreasonable delay caused by the board. As we have already noted, a determination favorable to the teacher includes back pay but does nothing to keep the teacher from starving while awaiting the decision. For the board, it is a material reminder and inducement to obey the law and timely deliver the transcript. For the school children, it obviates the possibility of being saddled with an unsatisfactory teacher.

As noted above, the tenure commission found absolutely no excuse for the delay in delivering the transcript. Therefore, the delay can only be described as unreasonable and unjustifiable. In any case, any delay beyond the statutory period is so inherently prejudicial that the teacher is entitled to lost salary for the period of delay in delivery of the transcript.

We remand to the tenure commission for consid-

eration of the merits of plaintiff's appeal. We hold that the statutory time provided to appeal a decision of a school board shall be tolled during any delay beyond the time period set forth in MCL 38.104(e); MSA 15.2004(e). We further hold that plaintiff teacher is entitled to salary commencing the first day beyond expiration of the ten-day statutory period for delivery of the transcript and until the transcript has been delivered and received.

Reversed and remanded to the State Tenure Commission for further action not inconsistent with this opinion. No costs, a public question.

LEVIN and BLAIR MOODY, JR., JJ., concurred with WILLIAMS, J.