JACOBS v HIGHLAND PARK POLICE AND FIRE CIVIL SERVICE
COMMISSION

Docket Nos. 78-3316, 78-3317. Submitted January 8, 1980, at Detroit.
—Decided July 22, 1980.

Jeffery Jacobs, a police officer for the City of Highland Park, was
relieved from active duty following an incident in which Ja-
cobs' gun discharged, causing a fellow officer to be injured.
Charges relating to his removal were brought by the police
department. On October 26, 1976, Jacobs answered those
charges and requested a civil service hearing within ten days
pursuant to the civil service for fire and police departments act.
On November 1, 1976, Jacobs stipulated to a waiver of the
requirement that the civil service hearing be held within ten
days, provided that the hearing would be held on November 24,
1976. On November 24, 1976, a hearing before the commission
commenced before two members of the three-member civil
service commission. After the swearing of the first witness, the
commission adjourned the hearing without date, the reason for
the adjournment being that continuation of testimony before
the commission might jeopardize the pending criminal case
against Jacobs arising out of the same shooting incident.

On February 14, 1977, Jacobs filed a complaint for a writ of
superintending control, seeking an order requiring the civil
service commission to show cause why the charges should not
be dismissed by reason of the failure to hold a hearing within
the ten-day period required by the statute and requesting
plaintiff's reinstatement with back pay pending the commis-
sion's decision. The commission held the hearing on March 11
and 12, 1977. Following an April 6, 1977, show cause hearing
on the complaint for a writ of superintending control, the
Wayne Circuit Court, Joseph A. Moynihan, Jr., J., acting for
John R. Kirwan, J., issued an order dated April 7, 1977,
requiring that plaintiff be reinstated with back pay pending the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5] 15A Am Jur 2d, Civil Service § 68.
   70 Am Jur 2d, Sheriffs, Police, and Constables § 15.
[3, 4] 61 Am Jur 2d, Pleadings §§ 47-49, 121.
[5] 5 Am Jur 2d, Appeal and Error § 962.

commission's determination but denying plaintiff's other requested relief. On April 18, 1977, the commission reached its decision and affirmed plaintiff's discharge.

On July 15, 1977, Jacobs filed a second complaint for a writ of superintending control, which sought an order directing the civil service commission and the City of Highland Park to return plaintiff to his position as a policeman. In the alternative, if the writ of superintending control was not issued, the complaint requested that the circuit court review the matter as an appeal on the merits. A hearing was held on November 7, 1977. At that hearing, Judge Kirwan indicated that he would review the entire case on the merits upon the filing with the court of a copy of the commission's March hearing. On July 10, 1978, Judge Kirwan issued an order denying the writ of superintending control without prejudice to any statutory appeal of the matter, Judge Kirwan concluding that the commission was not divested of jurisdiction by the failure to hold the hearing within the statutory ten-day period and that the question of any prejudice caused by the adjournment of the hearing should be decided in an appeal on the merits. Plaintiff appeals. *Held:*

1. The use of the word "shall" in the provision of the act establishing civil service for fire and police departments which provides for a hearing before the civil service commission within ten days after the filing of charges relative to the discharge or reduction in rank of a covered employee makes adherence to the temporal limitation mandatory rather than directory in nature.

2. The failure of the civil service commission to hold a hearing on the charges brought against plaintiff officer within the temporal limitation mandated by the statute does not render the commission's determination void *ab initio.* The failure of the commission to hold the hearing within the statutorily mandated ten-day period rather renders its determination voidable upon a showing that the delay in holding the hearing resulted in material prejudice to the plaintiff.

3. Since plaintiff requested appeal on the merits as alternative relief in the event that the trial court denied its request for a writ of superintending control and since the court rule in effect at the time of the filing of plaintiff's complaint permitted the pleading of such alternative relief, the circuit court, upon properly concluding that a writ of superintending control should not issue because of the existence of the right to review by an appeal, should have considered the matter as an appeal on the merits.

4. A remand to the circuit court for the purpose of determin-

ing on the merits plaintiff's appeal of the commission's decision, including a determination of whether the delay in the commission's hearing materially prejudiced plaintiff, is necessary. The circuit court shall submit written findings to the Court of Appeals within 90 days following the release of this opinion.

Remanded with instructions. The Court of Appeals retains jurisdiction.

1. CIVIL SERVICE — POLICE AND FIRE DEPARTMENTS — DISCHARGE — NOTICE — HEARING — STATUTES.

The use of the word "shall" in the provision of the act establishing civil service for municipal fire and police departments which provides for a hearing within ten days of the filing of charges relative to the discharge or the reduction in rank of a covered employee makes adherence to that temporal limitation mandatory rather than directory in nature (MCL 38.514; MSA 5.3364).

2. CIVIL SERVICE — POLICE AND FIRE DEPARTMENTS — DISCHARGE — HEARING — VOID ACTS — VOIDABLE ACTS — MATERIAL PREJUDICE — STATUTES.

A determination of a municipal civil service commission relative to the removal of a police officer where the commission fails to hold a hearing on the charges relative to the removal of the officer within the ten-day period mandated by the statute is not void *ab initio* because of the failure to satisfy the temporal mandate of the statute, rather, the determination is voidable upon a showing that material prejudice to the officer resulted from the noncompliance with the statutory mandate (MCL 38.514; MSA 5.3364).

3. SUPERINTENDING CONTROL — COURT RULES — ALTERNATIVE PLEADING — LEAVE TO APPEAL — FORMER COURT RULE.

The court rule governing actions for superintending control, prior to the July 25, 1977, amendment to that rule, permitted a person bringing a complaint for superintending control to seek, in the alternative, leave to appeal; the court rule in effect prior to July 25, 1977, provided that a complaint for a writ of superintending control did not necessarily mandate dismissal where an appeal on the merits was available, rather, the rule, under such circumstances, treated a complaint for a writ of superintending control as an application for leave to appeal (GCR 1963, 711.4).

4. SUPERINTENDING CONTROL — COURT RULES — FORMER COURT RULE — COURTS — REVIEW — APPEAL ON THE MERITS.

A complaint for a writ of superintending control filed before July

25, 1977, which sought, in the alternative, an appeal on the merits is governed by the court rule in effect prior to July 25, 1977; accordingly, under such circumstances, a circuit court, upon determining that a writ of superintending control should not issue because of the availability of review by an appeal, should treat the matter as an appeal on the merits and proceed with review in that fashion (GCR 1963, 711.4).

5. Civil Service — Hearing on Charges — Delay of Hearing — Material Prejudice — Appeal — Remand.

  A remand for consideration by the circuit court of the question of whether a discharged police officer was materially prejudiced by a municipal civil service commission's delay in holding its hearing upon the charges against the officer is mandated where the circuit court failed to reach the merits of that question.

*Robert W. Larin,* for plaintiff

*Gregory K. Jackson,* for defendants.

Before: R. M. Maher, P.J., and M. F. Cavanagh and Cynar, JJ.

Cynar, J. On July 15, 1977, plaintiff filed a complaint for a writ of superintending control in Wayne County Circuit Court which sought an order directing the defendants to return the petitioner to his position as policeman with full back pay, and, in the alternative, if the writ of superintending control was not granted, requested that the circuit court review the matter as an appeal on the merits. On July 10, 1978, the circuit court issued its order denying a writ of superintending control without prejudice to bringing an appeal on the merits, concluding the civil service commission did not divest itself of jurisdiction by failing to hold a hearing within ten days of the filing of charges against him, as provided for in the statute.[1] Further, the court held that the question of whether the plaintiff had been unfairly prejudiced

---

[1] MCL 38.514; MSA 5.3364.

by adjourning the hearing beyond the ten-day period could be considered if the plaintiff decided to appeal the matter on the merits to the circuit court, including the filing of a complete transcript of the civil service commission proceedings.

This case concerns the discharge of the plaintiff, a City of Highland Park police officer. On October 14, 1976, plaintiff was involved in an incident wherein his gun discharged, striking a fellow officer. Criminal charges were brought against the plaintiff stemming from the incident. On the date of the occurrence, the plaintiff was relieved of active duty by his police chief and was told not to return to work until further notice, and his pay was stopped.

On October 26, 1976, the plaintiff received a statement of charges brought against him by the police department arising out of the shooting. On the same day, he answered the charges in writing and requested a hearing within ten days, pursuant to § 14 of the civil service for fire and police departments act ("act"), MCL 38.514; MSA 5.3364.

On November 1, 1976, attorneys for the plaintiff and defendants stipulated to a waiver of the ten-day hearing requirement under the act, provided the hearing would be held on November 24, 1976.

The hearing was started on November 24, 1976, as agreed. Two of the three-member defendant commission were present, the third having died a few weeks earlier. On November 24, 1976, the hearing was commenced and, after the first witness was sworn, the hearing was adjourned without date. The reason given was that continuation of the testimony could jeopardize the pending criminal case against plaintiff that was scheduled for trial in a couple of days. Plaintiff objected to the adjournment, contending the commission in-

tentionally adjourned the hearing because it knew the testimony of the witness would be favorable to the plaintiff and the witness might not be available later.

On February 14, 1977, plaintiff filed a complaint for a writ of superintending control in the Wayne County Circuit Court, requesting the circuit court to issue an order requiring the civil service commission to show cause why the charges should not be dropped for failure to give the plaintiff a hearing within ten days. A request was also made to reinstate the plaintiff's back pay pending a commission decision.

On March 11 and 12, the commission held a hearing on the charges brought against the plaintiff. A transcript of the hearing was not filed in the circuit court as part of the record on appeal. A third commissioner was appointed on March 12, 1977.

On April 6, 1977, the circuit court, after a show cause hearing on the complaint for a writ of superintending control filed in February 1977, ruled that the plaintiff was entitled to remain in office pending the commission's decision. Further, the court determined that the commission did not abandon the right to hold the hearing by not complying with the ten-day rule, and that the plaintiff was not harmed since the commission was ordered to reinstate the plaintiff pending its decision; however, the question of the timeliness of the hearing could be raised in the appeal on the merits.

The City of Highland Park filed a motion to intervene, which motion was granted on April 19, 1977. The circuit court issued an order effective April 7, 1977, requiring plaintiff be reinstated with back pay until such time as the commission

reached a decision. The commission reached a decision on April 18, 1977, affirming the discharge of the plaintiff.

As previously indicated, on July 15, 1977, plaintiff filed a complaint which is the subject of this appeal. On November 7, 1977, a show cause hearing was heard on the complaint. The court indicated it would not decide the case piecemeal and, upon a transcript of the civil service commission hearing being submitted, the court would be prepared to make a decision on all the issues. The record submitted herein indicates that both counsel understood the position of the circuit court. The record, however, is not helpful in explaining why the lower court did not ultimately review the entire proceeding, including the appeal on the merits, as appears to have been the understanding of all concerned at the November 7, 1977, hearing. On July 10, 1978, the circuit court merely issued an order denying the motion for superintending control without prejudice to the filing of any future appeal on the merits. Plaintiff appeals and raises one question for review.

*Did the lower court err in denying the writ of superintending control based upon plaintiff's allegation that the commission's failure to hold a hearing within ten days of the request divested the commission of jurisdiction?*

Section 14 of the act reads, in pertinent part, as follows:

"If the person sought to be removed or reduced shall demand it, the civil service commission shall grant him a public hearing, which hearing shall be held within a period of 10 days from the filing of the charges in writing and a written answer thereto. Pending the period between the making of the charges as a basis for removal and the decision thereon by the commission

the member shall remain in the office." MCL 38.514; MSA 5.3364.

Use of the word "shall" makes the procedure mandatory, not merely directory. *Lawson v Wayne Community School District,* 63 Mich App 57, 60; 233 NW2d 713 (1975). Therefore, the commission was required to hold the hearing within ten days from the filing of the charges in writing and a written answer thereto. Both parties waived the ten-day rule as provided under MCL 38.514 with the understanding that the hearing requested would be adjourned only to November 24, 1976.

The hearing was started on November 24, 1976, but adjourned by the commission after the first witness was sworn but before any material testimony was taken. The plaintiff's attorney objected to the adjournment, contending that the witness would have testified favorably in behalf of the plaintiff, would be returning to Florida and might not be available at a later date. The reason given for the adjournment by the commission's attorney was that the pending criminal trial could be prejudiced by the testimony. The circuit court in its opinion of July 10, 1978, indicated that the hearing was adjourned apparently for the reason that one of the three members on the civil service commission had died and no one had been appointed to fill that vacancy. The hearing was not reconvened until March 11, 1977.

Although the commission did not comply with the mandate of the statute concerning the ten-day rule, the question is whether that noncompliance renders the commission's decision to discharge the plaintiff void. While no cases directly interpret the ten-day provision, a number of cases are helpful in our determination that the charges in the case at bar are not void *ab initio,* but merely, are voidable

upon a determination of material prejudice to plaintiff as a result of the noncompliance.

Plaintiff cites *Davis v River Rouge Board of Education,* 73 Mich App 358; 251 NW2d 585 (1977), as supporting his contention that reinstatement with back pay is mandated by the commission's failure to follow the correct procedures. The opinion cited states that the teacher tenure commission's failure to provide the discharged teacher with a copy of the transcript of the hearing within the time limits of the statute requires reinstatement of the teacher. However, the Court of Appeals decision was reversed by the Michigan Supreme Court. See *Davis v River Rouge Board of Education,* 406 Mich 486; 280 NW2d 453 (1979). The Supreme Court held that reinstatement is not the proper remedy. The Court stated that the tolling of the appeals period is a more appropriate remedy than reinstating a teacher who may be unfit and who *has not been prejudiced* by the delay in receiving the transcript.

In *Solomon v Highland Park Civil Service Comm,* 47 Mich App 536; 209 NW2d 698 (1973), the city failed to file the charges against the police officer within 90 days as required under § 14 of the act. The act states that "all charges shall be void unless filed within 90 days of the date of the violation". The statement of charges not having been filed within 90 days, the plaintiff was reinstated. *Solomon* is distinguishable from the case at bar because the statute states unequivocally that charges not filed within 90 days are void, whereas the statute does not state the remedy for noncompliance with the ten-day rule.

In *Montiy v Civil Service Board of East Detroit,* 54 Mich App 510; 221 NW2d 248 (1974), the Court interpreted the city's civil service rule that · re-

quires the employee be given notice of the reasons for suspension within 24 hours after the suspension takes effect. The plaintiffs received notice of suspension 16 to 18 hours beyond the 24-hour period. The lower court dismissed the complaint for superintending control. Plaintiffs alleged that noncompliance with the 24-hour rule voided the proceedings.

This Court noted that plaintiffs did not allege that they were not afforded procedural due process or suffered any other prejudice. In upholding the lower court's dismissal of the complaint for superintending control, the Court looked to the Administrative Procedures Act[2] for the standard of review. The Court held:

"Finally, while the actions of a city civil service commission do not come within the scope of the Administration Procedures Act, MCLA 24.201, *et seq.;* MSA 3.450(101), *et seq.;* we nevertheless believe that an examination of that act's provisions indicates the legislative intent in regard to the effect of procedural errors in administrative actions.

"MCLA 24.306; MSA 3.560(206) provides:

" '(1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

* * *

" '(c) Made upon unlawful procedure resulting in *material prejudice* to a party.' (Emphasis supplied.)

"The key to this section is the phrase 'material prejudice'. We believe that such a showing is embodied within and crucial to the issuance of any order of superintending control in regard to procedural irregularities of an administrative tribunal. Admittedly there

---

2 MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.*

was no material prejudice in this case. Consequently we believe that the order of superintending control was properly denied." *Id.,* 515-516.

Defendant argues that a writ of superintending control as an extraordinary remedy is not the appropriate remedy here since the statute gives the plaintiff review on the merits in the circuit court. Section 14 of the act reads, in relevant part, as follows:

"In the event that the civil service commission shall sustain the action of the removing officer the person removed shall have an immediate right of appeal to the circuit court of the county wherein the city, village or municipality is situated. Said appeal shall be taken within 90 days from the entry from the civil service commission of its final order; upon such an appeal being taken and docketed with the clerk of the circuit court of said county, the circuit court shall proceed to hear the appeal upon the original record taken therein and no additional proof shall be permitted to be introduced. The circuit court's decision shall be final, saving the employee, however, the right to petition the supreme court for a review of the court's decision."

The relief requested in the complaint entitled, "Petition for Writ of Superintending Control", encompasses both issuance of a writ of superintending control in the event the lower court finds the commission was without jurisdiction and also appeal on the merits. At the hearing on the complaint on November 7, 1977, the lower court stated that it would review the entire case on the merits once a copy of the March hearing transcript was received. Whether the transcript of the March hearing was filed is unknown to us. Further, no light is shed as to why the trial court did not proceed as it indicated it would at the November

7, 1977, hearing. The opinion of July 1978 indicates that the court considered the complaint for a writ of superintending control only to the extent that it related to the issue of jurisdiction and did not consider the merits of the other issues presented. The court stated that the adjournment did not divest the commission of jurisdiction. The court then held:

"If the plaintiff was unfairly prejudiced by this second adjournment, it is this Court's belief that such matters should be considered on an Appeal on the merits. It is, therefore this Court's view that the Motion for Superintending Control should be denied without prejudice and the plaintiff may, if he so desires, file with this Court a Claim of Appeal on the merits, along with a complete transcript of the proceedings held before the Civil Service Commission."

The defendant correctly cites GCR 1963, 711.2 which states:

"Policy Concerning Use. If another adequate remedy is available to the party seeking the order, a complaint for superintending control may not be filed. See GCR 1963, 701.1(b); 711.4(b); 862.5(a)."

Moreover, GCR 1963, 711.4(b) states:

"When an appeal in the Supreme Court, the Court of Appeals, or the circuit court is available, that method of review must be used. If superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed."

A literal reading of these subsections would support dismissal of a writ of superintending control where the underlying statute gives the petitioner the right to appeal in the circuit court.

It must be noted that the quoted language of GCR 1963, 711.4 was not added to the court rule until July 25, 1977, after plaintiff had filed his complaint in this action. The former rule was more liberal in that it did not mandate dismissal of an application for a writ of superintending control where appeal on the merits was available, but instead, treated it as an application for leave to appeal. Prior practice thus allowed pleading in the alternative in situations such as in this case. Although permissible under prior practice, we do not intend to intimate that the present version of GCR 1963, 711 countenances such alternative pleading. If anything, it expressly precludes it, requiring an appeal on the merits, when available, as an *exclusive* method of review. Necessarily, pleadings in these cases must reflect such exclusivity of remedy.

However, since alternative relief was requested in the petition controlled by the prior version of GCR 1963, 711, the appeal to the circuit court should have been treated as seeking, alternatively, a writ of superintending control or an appeal on the merits. It appears, based on the record of the November 7, 1977, hearing, that the circuit court was proceeding in such a direction. However, an appeal on the merits in this case would necessitate submission of the transcript of the March civil service commission hearing for the court's consideration. The plaintiff should have filed the transcript of the March 1977 civil service proceeding to enable the court to fully decide this action.

This matter is remanded to the circuit court to review the entire matter, including the record of the March 1977 civil service hearing. The trial court shall make a specific determination as to whether or not the plaintiff was materially preju-

diced by the delay in holding the hearing following the second adjournment on November 24, 1976. The trial court shall submit written findings to this Court within 90 days following the date of release of this opinion. No costs are awarded. We retain jurisdiction.