WRIGHT *v.* PORT HURON AREA SCHOOL DISTRICT.

1. SCHOOLS AND SCHOOL DISTRICTS—PURPOSE OF TEACHERS' TENURE ACT.

    The teachers' tenure act is meant to protect teachers who hold continuing tenure from being discharged except for reasonable and just cause and only after written charges have been filed and furnished the teacher, with notice of date of hearing (CL 1948, § 38.71 *et seq.*, as amended).

2. SAME—TERMINATION OF TEACHER'S EMPLOYMENT—HEARING—ADMINISTRATIVE. REMEDIES.

    School board in discharging a teacher charged with a felony must file written charges against him and hold a hearing to terminate his employment and discontinue his pay in order to provide the teacher with administrative remedies to which he is entitled (CL 1948, § 38.103).

3. ADMINISTRATIVE LAW AND PROCEDURE—DUE PROCESS.

    A teacher suspended from employment by a school board must be given the rights of administrative procedures as guaranteed by statute (CL 1948, § 38.103).

4. SCHOOLS AND SCHOOL DISTRICTS—DISCHARGE OF TEACHER—RESIGNATION.

    Agreement between superintendent of schools and teacher to "leave things the way they were" at meeting 9 months after the teacher had last taught and after his attempted discharge by board of education *held*, to support finding that teacher

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur, Schools § 129.
    Teachers' tenure statutes. 110 ALR 791, s. 113 ALR 1495, 127 ALR 1298; 145 ALR 1078.
[2] 47 Am Jur, Schools § 140.
[3] 47 Am Jur, Schools § 141 *et seq.*
[4] 47 Am Jur, Schools § 138.
[5] 47 Am Jur, Schools § 145.
[6] 5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

resigned by mutual consent then and was not thereafter under protection of the teachers' tenure act (CL 1948, § 38.111).

5. SAME—TERMINATION OF EMPLOYMENT—BACK WAGES.

Teacher summarily suspended by school district without proper administrative procedure when he was charged with felony is entitled to wages from date of suspension to date of termination of his employment by mutual consent.

6. COSTS—TEACHERS—TERMINATION OF EMPLOYMENT.

No costs are allowed on appeal by discharged teacher from finding that teacher resigned his position by mutual consent and therefore did not hold continuing tenure.

Appeal from St. Clair, Streeter (Halford I.), J. Submitted Division 2 December 6, 1967, at Lansing. (Docket No. 2,964.)   Decided August 27, 1968.

Plaintiff, Basil I. Wright, requested assignment to a teaching position in Port Huron Area School District.   Request denied by Board of Education. Plaintiff appealed to State tenure commission.   Denial of assignment affirmed, but back pay awarded. Plaintiff appealed to circuit court.   Tenure commission findings affirmed but unpaid salary denied. Plaintiff appeals.   Affirmed as to denial of assignment, but back pay awarded.

*C. J. Sullivan,* for plaintiff.

*Touma, Watson, Andresen & Kelly,* for defendant.

T. G. KAVANAGH, P. J.   Basil I. Wright addressed a letter to the Port Huron School district in October, 1965, stating that he was under continuing tenure, as a teacher in that district pursuant to the tenure of teachers act, CL 1948, § 38.91 (Stat Ann 1968 Rev § 15.1991) and requesting assignment to a·teaching position.   Upon. denial of his request by the board of education, the matter was taken before the State

tenure commission, CL 1948, § 38.121 (Stat Ann 1968 Rev § 15.2021) which reviewed the facts, heard testimony and determined that Mr. Wright had resigned his position as a teacher by mutual consent on July 1, 1963, as permitted by CL 1948, § 38.111 (Stat Ann 1968 Rev § 15.2011), and therefore did not hold continuing tenure. The commission also held, in a split opinion, that Mr. Wright was entitled to payment of back salary from October 11, 1962, the date he last taught, until the end of the 1962–1963 school term, when he resigned.

It is from the decision of the St. Clair county circuit court, affirming the commission's findings but denying the unpaid salary that plaintiff appeals to this Court.

The teacher's tenure act states:

"Discharge or demotion of a teacher on continuing tenure may be made only for reasonable and just cause, and only after such charges, notice, hearing, and determination thereof, as are hereinafter provided." CL 1948, § 38.101 (Stat Ann 1968 Rev § 15.2001).

Contrary to the clear language of this statute, in October, 1962, when the teacher was notified by letter of his suspension, no charges were made nor was a copy of charges furnished to plaintiff, CL 1948, § 38.102 (Stat Ann 1968 Cum Supp § 15.2002), nor was his salary continued during the time that he considered himself suspended, as required by CL 1948, § 38.103 (Stat Ann 1968 Rev § 15.2003), nor was he afforded the opportunity of a hearing, required by CL 1948, §§ 38.102, 38.104 (Stat Ann 1968 Rev §§ 15.2002, 15.2004). The procedures set forth by statute were ignored by the Port Huron School district. Except for a letter of October 12, 1962, notifying plaintiff of his suspension and another letter of October 24, 1962, indicating the final salary the

district considered to be due, plaintiff was not advised of his status. In April, 1963, his name was dropped from the school budget.

As explanation of its disregard of statutory requirements, the school board takes an untenable position. On the one hand it claims that Mr. Wright was never discharged by it but that, on July 1, 1963, he resigned by mutual consent as provided in the teacher's tenure act, CL 1948, § 38.111 (Stat Ann 1968 Rev § 15.2011). On the other hand it claims that felony charges brought against him in October, 1962, disqualified him from the procedural protection of the act, making it unnecessary for it to conduct a hearing and allowing for denial of compensation prior to the termination of employment.

Either the act applies or it does not. Either Mr. Wright was discharged in October, 1962, when his pay was stopped and he last taught, or he was not so discharged and his pay should not have been stopped. The act is meant to protect teachers who hold continuing tenure from being discharged except for " 'reasonable and just cause' and only after written charges have been filed and furnished the teacher, with notice of date of hearing." *Rehberg* v. *Board of Education of Melvindale, Ecorse Township School District No. 11, Wayne County* (1951), 330 Mich 541, 547. We cannot excuse the failure to follow the statute on the grounds that it would have been a difficult matter or contrary to public policy for the school board, upon hearing of the criminal charges against plaintiff, to file written charges and hold a hearing immediately or at a later date. Only upon such a hearing could the decision of the controlling board to terminate the teacher's employment and to discontinue his pay provide the teacher with those administrative remedies to which he was entitled. See CL 1948, § 38.103 (Stat Ann 1968 Rev § 15.2003).

Just as an accused must be accorded his rights in criminal matters, so must one who stands suspended from employment be given the rights of administrative procedures as set out and guaranteed by statute. It is not for one or two individuals in the school system to decide, supposedly in the interest of public policy, whether or not the teacher's tenure act will apply. This is part of the "personal whim" control which the act was designed to abolish.

Mr. Wright was not effectively discharged as of October, 1962, and his salary should not have been terminated as of that date.

It is a matter of dispute as to what actually transpired at the meeting of July 1, 1963. This much, however, seems apparent: neither party believed after the meeting that Mr. Wright would resume teaching the following fall. Mr. Wright testified before the tenure commission that the parties agreed "to leave the things the way they were at that time," and the way things were meant that Mr. Wright would not be teaching. We conclude that the finding that Mr. Wright had resigned by mutual consent was adequately supported by evidence and should not be disturbed. This voluntary relinquishment of his rights at that point removed Mr. Wright from the protection of the teachers' tenure act.

We affirm therefore the holding of the circuit court in part, but order that back wages be paid Mr. Wright from the time he was suspended in October, 1962, up to the termination of his employment in July, 1963, in accord with the decision of the tenure commission.

No costs.

LEVIN and QUINN, JJ., concurred.