RUMPH v. WAYNE COMMUNITY SCHOOL DISTRICT

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—TENURE TEACHERS—
   LOSS OF TENURE—NOTICE—PURPOSE.

   Statute providing that a teacher who discontinues his services, without either mutual consent or notice 60 days before the school year, forfeits his rights to continuing tenure was designed to prevent teachers from departing a school district immediately before school begins, and, thus, leaving the school district without sufficient teachers or time to replace the leaving teachers (MCLA § 38.111).

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—TENURE TEACHERS—
   LOSS OF TENURE RIGHTS—NOTICE.

   A teacher's rights under continuing tenure are lost only if the teacher resigns without giving notice 60 days before the school year (MCLA §§ 38.102, 38.111).

3. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—TENURE TEACHER—
   DISMISSAL—SUMMARY DISMISSAL—TENURE ACT—PURPOSE.

   School boards are not allowed to summarily dismiss tenure teachers even if the Tenure Commission later finds that the teacher had discontinued his service, because the legislative intent in the teachers' tenure act would be violated because the burden would be on the tenure teacher to persuade the Tenure Commission that he should not have been dismissed (MCLA §§ 38.101, 38.102, 38.111).

4. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—TENURE TEACHERS—
   DISMISSAL—PROCEDURE—STATUTES.

   Discharge of a tenure teacher can be accomplished only by strict compliance with the procedural safeguards of the tenure act (MCLA §§ 38.101, 38.102).

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 47 Am Jur, Schools §§ 134, 138–140.
[5] What amounts to waiver of status or rights under teachers' tenure statute. 145 ALR 1078.

5. Schools and School Districts—Teachers—Tenure Teachers—
   Dismissal—Procedure—Statutes.

   Failure to comply with all of the procedural requirements of the
   teachers' tenure act when dismissing a teacher who allegedly
   discontinued his services by failing to file required interim
   reports while on sabbatical leave rendered the dismissal pro-
   cedurally defective; the dismissed tenure teacher did not by
   his omissions forfeit his rights under continuing tenure (MCLA
   §§ 38.102, 38.111).

Appeal from Wayne, Richard M. Maher, J. Sub-
mitted Division 1 February 10, 1971, at Detroit.
(Docket No. 8590.) Decided March 24, 1971. Leave
to appeal denied August 4, 1971, 385 Mich 775.

Plaintiff Matthew Rumph was dismissed as a
teacher by the Board of Education of the Wayne
Community School District. Plaintiff appealed to
the State Tenure Commission. Appeal dismissed.
Plaintiff appealed to circuit court. Dismissal af-
firmed. Plaintiff appeals. Reversed.

*Craig, Fieger & Golden,* for plaintiff.

*Tinkham, Snyder, MacDonald & Wilder,* for
defendant.

Before: Danhof, P. J., and Holbrook and Bron-
son, JJ.

Bronson, J. The plaintiff, Matthew Rumph, had
been a teacher in the defendant school district for
approximately nine years prior to the instant con-
troversy. It is unquestioned that plaintiff's pro-
fessional services had been satisfactory during this
period. In the spring of 1965, plaintiff, a tenure
teacher, applied for a sabbatical leave from the
school district. Plaintiff's formal application for a
sabbatical leave provided:

"State Purpose of Sabbatical Leave.  My prime purpose of seeking a sabbatical leave at this time is to do research work in Europe (some in the states).  Along with research, I plan on doing extensive travel and possibly participating in seminar and course work at a foreign university.  This is for the purpose of getting a PhD in Comparative Education.

"Give Program of Work or Study  *  *  *  Outline of Proposed Project.  For the first half of the school year I plan on doing comparative research of the various types of schools (Folk Skoles and Hoch Skoles), in countries such as Holland, Germany, Switzerland, Italy, and France.  Time permitting, I shall attempt to cover some of the other surrounding countries.  For the second semester I shall take seminar work at the University of Leiden or the University of Munich.

* * *

"Give Plan for Reporting to the Superintendent in Accordance With Requirements.  I shall be compiling research information which I plan on submitting to Phi Delta Kappa for publication.  At the conclusion of each segment of my research on specific countries, I shall make a report of my findings and conclusions, and forward such to Dr. Hinchey."

The plaintiff's request for a sabbatical leave was granted by the defendant for the school year commencing in September 1965 and ending in June 1966.  Plaintiff was to receive one-half of his teaching salary during this period.  Plaintiff's leave was granted subject to the defendant's sabbatical leave rules and regulations, which provided, in pertinent part:

"During said sabbatical leave, the teacher shall be considered to be in the employ of the said board, shall have a contract,

* * *

"The employee shall immediately request approval from the superintendent for substantial changes in the planned program of the leave as outlined in the approved application.

\* \* \*

"An interim report shall be filed at the mid-point of the period for which leave is taken. This report shall contain sufficient information to enable the superintendent to determine that the leave is being utilized in the approved manner.

"A final report shall be filed with the superintendent in accordance with the provisions as stated in a following section."

Plaintiff failed to file the required interim report, which was due in January 1966. Defendant's representative sent plaintiff two letters requesting the report, but defendant's requests went unanswered. Accordingly, the defendant suspended plaintiff's salary on March 8, 1966. Plaintiff returned to the United States in July 1966 and arranged a meeting with the school administrators on July 26, 1966. At this meeting, the plaintiff was informed that a contract for 1966–1967 would not be issued to him until his legal status was determined, and on August 8, 1966, the attorney for defendant wrote the plaintiff a letter informing him that a contract would not be issued for the coming year.

The reason for defendant's decision not to offer the plaintiff a contract, as expressed in the letter from defendant's attorney, was defendant's belief that plaintiff had breached the sabbatical leave agreement. The defendant also demanded that plaintiff reimburse the defendant for the salary plaintiff received for part of the sabbatical year.

Plaintiff, upon learning of defendant's intention not to offer him a contract for the 1966–1967 school year, requested a hearing before the board of edu-

cation for the defendant school district. The school board held a hearing and upheld the refusal to extend a contract to the plaintiff. The plaintiff then requested a hearing before the State Tenure Commission which, after a hearing, dismissed plaintiff's appeal. Plaintiff appealed this dismissal to the Wayne County Circuit Court, which affirmed the dismissal of the appeal by the State Tenure Commission.

The only issue raised on appeal which merits discussion may be stated as follows:

Whether plaintiff's employment was terminated in accordance with the teachers' tenure act?

The discharge of a tenure teacher is governed by Article IV of the teachers' tenure act, MCLA § 38-.101 *et seq.* (Stat Ann 1968 Rev § 15.2001 *et seq.*). The statute provides, in part:

"Discharge or demotion of a teacher on continuing tenure may be made only for reasonable and just cause, and *only after such charges, notice, hearing, and determination thereof, as are hereinafter provided.*"[1]   (Emphasis added.)

The act then provides:

"All charges against a teacher shall be made in writing, signed by the person making the same, and filed with the secretary, clerk or other designated officer of the controlling board: Provided, That charges concerning the character of professional services shall be filed at least 60 days before the close of the school year. The controlling board, if it decides to proceed upon such charges, shall furnish the teacher with a written statement of the charges, and shall, at the option of the teacher, provide for a hearing to take place not less than

---

[1] MCLA § 38.101 (Stat Ann 1968 Rev § 15.2001).

30 nor more than 45 days after the filing of such charges."[2]

Defendant admits that, although a hearing was held, other procedural requirements under Article IV were not followed. Nevertheless, it is defendant's position that the plaintiff, because he breached the sabbatical leave agreement, is no longer entitled to the protection of Article IV of the teachers' tenure act.

Defendant relies on MCLA § 38.111 (Stat Ann 1968 Rev § 15.2011) to support its position:

"No teacher on continuing tenure shall discontinue his services with any controlling board except by mutual consent, without giving a written notice to said controlling board at least 60 days before September first of the ensuing school year. Any teacher discontinuing his services in any other manner than as provided in this section shall forfeit his rights to continuing tenure previously acquired under this act."

The defendant contended, and the Tenure Commission held, that plaintiff's breach of the sabbatical leave agreement, in effect, constituted a discontinuance of his services without the consent of the controlling board. Such action, according to defendant and the Tenure Commission, constituted a forfeiture of tenure rights, and, thus, the procedural requirements under Article IV need not be complied with.

The circuit court upheld the decision of the Tenure Commission by holding as follows:

"In substance, this court finds that the appellant did discontinue his services with the controlling board, which was not by mutual consent and as a result, he totally forfeited his rights as a tenure

[2] MCLA § 38.102 (Stat Ann 1968 Rev § 15.2002).

teacher. Having lost his tenure rights, he had no right to a hearing under Article IV. He in effect, through his own actions, also lost his rights to an appeal. It is noted that Article V provides the sole exception by which a tenure teacher may lose his tenure rights without the necessity of a formal board hearing."

We cannot accept this interpretation of MCLA § 38.111 (Stat Ann 1968 Rev § 15.2011). Under Article V, the above-cited statute provides that a teacher who discontinues his services, without either mutual consent or a notice to the board 60 days before the school year, "shall forfeit his rights to *continuing tenure* previously acquired under this act". This section of the tenure act is clearly designed to prevent teachers from departing a school district immediately before school commences and thus leaving the school board without a sufficient number of teachers, or time to replace them. In addition, the penalty for a teacher's discontinuance in a manner inconsistent with the act is the loss of *"rights to continuing tenure* previously acquired under this act". Under the tenure act, rights to continuing tenure include, *but are not limited to, the procedural safeguards set forth in Article IV.*[3]

The interpretation given to Article V by the Tenure Commission and the circuit court is, in our opinion, inconsistent with the legislative intent.

---

[3] In addition to the procedural requirements of the act, a teacher who has acquired continuing tenure is provided with the following statutory rights: cannot be discharged or demoted except for "reasonable and just cause", MCLA § 38.101 (Stat Ann 1968 Rev § 15-.2001); may transfer districts without being subjected to the two-year probationary status under Article II, MCLA § 38.92 (Stat Ann 1968 Rev § 15.1992); given priority when vacancy arises if employment terminated because of necessary reduction in personnel in the school district, MCLA § 38.105 (Stat Ann 1968 Rev § 15.2005). These statutory rights are not provided to those teachers who have not acquired "continuing tenure under the act". See *Munro* v. *Elk Rapids Schools* (1970), 383 Mich 661; MCLA § 38.84 (Stat Ann 1968 Rev § 15.1984).

The rights that are lost under Article V are all those rights acquired by a teacher under continuing tenure, and those rights are lost only if the teacher resigns without giving the required 60-day notice to the school board.

To affirm the decision of the circuit court could mean that school boards could avoid the procedural requirements of Article IV merely by finding that the teacher had improperly discontinued services under MCLA § 38.111 (Stat Ann 1968 Rev § 15-.2011). Such a result would certainly discourage a tenure teacher from taking a sabbatical leave, because the possibility would exist that such a determination would be made without the teacher being provided with the procedural protection of Article IV.

Furthermore, we find it to be contrary to the legislative intent, as expressed in the tenure act, to permit school boards to summarily dismiss tenure teachers and then have the Tenure Commission, after the fact, find that the teacher had discontinued his services. Such a procedural approach places the burden upon the tenure teacher to persuade the commission that he should not have been dismissed, rather than the present statutory approach which places the burden upon those making charges against the tenure teacher.

Discharge of a tenure teacher can be accomplished only by strict compliance with the procedural safeguards provided under Article IV of the tenure act. See *Wilson* v. *Flint Board of Education* (1960), 361 Mich 691; *Karabetsos* v. *School District of City of East Detroit* (1969), 17 Mich App 10; *Wright* v. *Port Huron School District* (1968), 13 Mich App 1. We hold that dismissal of plaintiff was procedurally defective because the defendant failed to comply with MCLA § 38.102 (Stat Ann

1968 Rev § 15.2002). The decision of the circuit court holding that plaintiff had forfeited his rights under Article IV of the tenure act is reversed.

All concurred.