BIBERSTINE v PORT AUSTIN PUBLIC SCHOOL DISTRICT NO. 9

1. Schools and School Districts—Tenure Teachers—Discharge—Statutes.

   The discharge of a tenure teacher can be accomplished only by strict compliance with the procedural safeguards of the teacher's tenure act (MCLA 38.71 et seq.).

2. Schools and School Districts—Tenure Teachers—Discharge—Statutes.

   A teacher's discharge was not effectuated in strict compliance with the teacher's tenure act and was improper where the charges against the teacher were not made in writing and the teacher was neither served with a copy of the charges nor given a statement of his rights (MCLA 38.102).

3. Schools and School Districts—Tenure Teachers—Discharge—Administrative Appeals—Limitation of Actions—Tolling Statute.

   The statutory provision imposing a 30-day limitation during which a tenure teacher may appeal his discharge to the State Tenure Commission is tolled until such time as the school board makes its decision in accordance with the teacher's tenure act where a board of education attempted to discharge a tenure teacher without fully complying with provisions of the teacher's tenure act (MCLA 38.121).

Appeal from Huron, Arthur M. Bach, J. Submitted Division 2 October 9, 1973, at Lansing. (Docket No. 16074.) Decided January 16, 1974. Leave to appeal denied, 392 Mich —.

Complaint by Crane Biberstine against Port Austin Public School District No. 9 for an order directing defendant to comply with provisions of the teacher's tenure act, reinstatement, and dam-

Reference for Points in Headnotes

[1-3] 68 Am Jur 2d, Schools §§ 149–160.

ages. Accelerated judgment for defendant. Plaintiff appeals. Accelerated judgment vacated and remanded with instructions.

*Schurgin, Katkowsky & Rosenberg,* for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Thomas J. Nordberg* and *Joe D. Mosier),* for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

T. M. BURNS, P. J. Plaintiff appeals from the entry of an accelerated judgment in favor of the defendant.

The essential facts of the instant case are neither complex nor in dispute. The parties have stipulated that plaintiff was a tenure teacher employed by the defendant school district. Plaintiff was hired by the defendant to teach from August 31, 1970 until June 4, 1971. On April 2, 1971, the school district's board of education voted to discontinue the plaintiff's services effective June 4, 1971. No reasons for the discharge were given.[1]

Plaintiff failed to appeal the decision of the school board to the State Tenure Commission. However on April 1, 1972, plaintiff filed a complaint in the Huron County Circuit Court alleging his rights were violated under the teachers' tenure

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The letter notifying plaintiff of the school board's action simply read:

                              "April 2, 1971

"Re: Crane Biberstine:
"The Port Austin Board of Education voted on April 2, 1971 at a Special Board Meeting to discontinue your services effective June 4, 1971.

                          "/s/ Paul Keene
                          "Superintendent"

act[2] in that he was discharged without reasonable and just cause, without written charges being brought against him, and without a hearing being conducted or afforded on the charges. Plaintiff sought an order from the trial court directing the board of education to comply with the provisions of the teachers' tenure act and to reinstate him and award damages.

The defendant countered by filing a motion for an accelerated judgment[3] on the grounds that the trial court lacked jurisdiction over the subject matter and person and that plaintiff had failed to pursue and exhaust his administrative remedy within the time specified by the teachers' tenure act.

Subsequently, the parties filed other pleadings which are not pertinent to the instant appeal. After briefs were filed and arguments had by both sides on the defendant's motion for an accelerated judgment, the trial court granted the motion opining that inasmuch as plaintiff was a tenure teacher, he was required to first seek relief through the State Tenure Commission and having failed to do so plaintiff had no further rights and the court was without jurisdiction to hear the suit. In addition, the trial court noted that even if the plaintiff had any rights, the delay of one year in bringing suit was unreasonable and the doctrine of laches would operate to preclude the plaintiff from obtaining any relief. Plaintiff appeals.

As the first issue on appeal, we must decide whether the accelerated judgment was properly granted.

The discharge of a tenure teacher can be accomplished only by strict compliance with the proce-

[2] MCLA 38.71 *et seq;* MSA 15.1971 *et seq.*
[3] GCR 1963, 116.

dural safeguards of the teachers' tenure act. *Rumph v Wayne Community School Dist,* 31 Mich App 555; 188 NW2d 71 (1971), *lv to app den,* 385 Mich 775 (1971).

The various provisions of the teachers' tenure act as they apply to the present case read:

"A teacher who has achieved tenure status may appeal any decision of a controlling board under this act within 30 days from the date of such decision, to a state tenure commission." MCLA 38.121; MSA 15.2021.

"Discharge or demotion of a teacher on continuing tenure may be made only for reasonable and just cause, and only after such charges, notice, hearing, and determination thereof, as are hereinafter provided." MCLA 38.101; MSA 15.2001.

"All charges against a teacher shall be made in writing, signed by the person making the same, and filed with the secretary, clerk or other designated officer of the controlling board. Charges concerning the character of professional services shall be filed at least 60 days before the close of the school year. The controlling board, if it decides to proceed upon such charges, shall furnish the teacher with a written statement of the charges including a statement of the teacher's rights under this article, and shall, at the option of the teacher, provide for a hearing to take place not less than 30 nor more than 45 days after the filing of such charges." MCLA 38.102; MSA 15.2002.

Although MCLA 38.102; MSA 15.2002 arrayed above requires *inter alia* that charges against a teacher be made in writing and signed by the party bringing the charges and that the teacher be furnished with a copy of the charges and a statement of rights under the act, the charges against the plaintiff herein were not made in writing and plaintiff was neither served with a copy of the charges nor given a statement of his rights. Under these circumstances it is patent that plaintiff's

discharge was not effectuated in strict compliance with the teachers' tenure act. Consequently, plaintiff's employment with the defendant school district was improperly terminated.

Having found that the plaintiff's discharge was not in accordance with the provisions of the teachers' tenure act, we turn to whether, as found by the trial court, plaintiff's failure to appeal the school board's action to the State Tenure Commission effectively cut off any further remedy.

Normally where a tenure teacher has been discharged or demoted by a school board, the aggrieved teacher has 30 days in which to appeal the board's decision to the State Tenure Commission. MCLA 38.121; MSA 15.2021. However, as previously recounted, action on the part of a school board to discharge a tenure teacher must be in strict compliance with the teachers' tenure act. *Rumph v Wayne Comm School Dist, supra.* In the present case, however, the board did not even minimally comply with those provisions of the teachers' tenure act requiring written charges to be lodged against the teacher and notice to the teacher of his rights under the act which includes the right of appeal to the State Tenure Commission. In light of the board's failure to notify the plaintiff of his rights under the teachers' tenure act, it is not unlikely that plaintiff was unaware of his right to appeal to the State Tenure Commission. We hold, therefore, that where, as here, a board of education attempts to discharge a tenure teacher without fully complying with the various provisions of the teachers' tenure act, the 30-day limitation in which the teacher has to appeal to the State Tenure Commission is tolled until such time as the school board makes its decision in accordance with the teachers' tenure act. Our

holding is based upon sound reasoning and common sense. To rule otherwise would permit a school board to unilaterally circumvent the procedural safeguards of the teachers' tenure act by its own wrongdoing. Therefore inasmuch as the board herein failed to comply with the teachers' tenure act, the circuit court erred by finding that plaintiff's administrative remedy was barred by the failure to appeal the school board's decision to the State Tenure Commission within 30 days and as a consequence the accelerated judgment entered in favor of the defendant was improvidently granted.

For all of the reasons delineated above, the accelerated judgment entered in favor of the defendant is vacated and the defendant is ordered to either reinstate plaintiff with back pay or in the alternative to proceed with the charges against the plaintiff in accordance with the provisions of the teachers' tenure act. In the event the defendant chooses the latter option, plaintiff will have 30 days to appeal to the State Tenure Commission from any adverse decision of the board regarding his employment.

In addition plaintiff asserts that the trial court erred in finding that the doctrine of laches barred any relief. We find the record presented on appeal inadequate to properly rule on this question. Moreover, in view of our disposition of the accelerated judgment, the issue need neither be discussed nor decided.

All concurred.