KRAMER v VAN DYKE PUBLIC SCHOOLS

Docket No. 65978. Submitted December 13, 1983, at Lansing.—Decided May 14, 1984. Leave to appeal applied for.

Petitioner, Lynette J. Kramer, a tenured teacher employed by the Van Dyke Public Schools, was granted a one-year leave of absence for the 1976-1977 school year. When, in 1977, she requested reinstatement the school district informed her that she would not be reinstated because of cutbacks in personnel. She did not teach during the 1977-1978 and 1978-1979 school years. In August, 1979, the school board requested petitioner to resume teaching for the 1979-1980 school year. In 1980 Mrs. Kramer petitioned the State Tenure Commission for back pay for the two years during which she was on involuntary leave. Respondents, the Van Dyke Public Schools and its board of education, sought accelerated judgment because petitioner had not appealed to the commission within 30 days of the date of the board action of which she complained. The tenure commission granted the respondents' motion, holding that the commission did not have jurisdiction because petitioner had not filed her petition within 30 days of receipt of the August, 1979, letter requesting her to return to work. The school board had enclosed with that letter a copy of the teachers' tenure act, and the commission held that the petitioner was reasonably notified of her rights under the tenure act. Kramer then petitioned the Ingham Circuit Court for review of the tenure commission's decision. The court, Jack W. Warren, J., reversed and remanded to the commission for a hearing on the merits, holding that the 1979 letter did not adequately inform petitioner of her right to appeal to the tenure commission, and that the school board should have informed her that she could appeal any of the board's previous actions so long as she did so within 30 days of receipt of the letter. Respondents appealed, and the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 3] 68 Am Jur 2d, Schools § 187.
   Sufficiency of notice of intention to discharge teacher, or not to renew contract, under statutes requiring such notice. 92 ALR2d 751.
[4] 68 Am Jur 2d, Schools § 149.

petitioner cross-appealed from the denial of her motion for summary judgment. *Held:*

1. The statutory 30-day period within which a petition challenging the action of a school board must be filed with the tenure commission begins to run when the teacher receives adequate notice of the board's decision and of the teacher's rights under the tenure act, including the right to appeal. In this case it was not unreasonable for petitioner to conclude, from a reading of the act, that it was too late, in August, 1979, for her to appeal the earlier decisions of the board extending her leave. The circuit court did not err in holding that the school board's letter was not adequate notice of the right to appeal.

2. The 30-day period does not begin to run until a teacher receives notice of the teacher's rights from the school board. Actual notice received from another source does not excuse a board's failure to provide clear and informative notice.

3. The substantive issues are properly reached in the first instance by the tenure commission. The trial court properly reversed and remanded.

Affirmed.

1. SCHOOLS — TEACHERS — LIMITATION OF ACTIONS — NOTICE.

The 30-day period within which a tenured teacher who has been discharged or demoted must file a petition with the State Tenure Commission challenging the school board's action begins to run at the time the teacher actually receives adequate notice of the school board's action and notice of the teacher's rights under the tenure act, including the right to appeal (MCL 38.121; MSA 15.2021).

2. SCHOOLS — TEACHERS — PROPERTY INTERESTS — DUE PROCESS.

The interest of a tenured teacher in retaining a teaching position is a property interest protected by due process requirements; due process requires that where a school board contemplates an action which amounts to a discharge or demotion without just cause the teacher must be afforded notice which is reasonably calculated under the circumstances to advise the teacher of the pendency of the action and afford an opportunity to present an objection.

3. SCHOOLS — TEACHERS — NOTICE.

A school board must provide a tenured teacher with adequate notice of its decision to discharge or demote the teacher; actual notice received by the teacher from another source does not

excuse a school board's failure to comply with this obligation or trigger the running of the 30-day period within which the teacher must challenge the board's actions.

4. SCHOOLS — STATE TENURE COMMISSION — TEACHERS' TENURE.
   The State Tenure Commission has jurisdiction over questions arising under the teachers' tenure act.

*David Melkus,* for petitioner.

*Tony Ferris,* for respondents.

Before: J. H. GILLIS, P.J., and SHEPHERD and J. J. KELLEY,* JJ.

SHEPHERD, J. Respondents bring this delayed appeal from a circuit court order of May 19, 1982, which reversed the State Tenure Commission's (commission) grant of accelerated judgment to respondents. Petitioner cross-appeals the circuit court's order and the commission's decision in favor of respondents.

Petitioner, a tenured teacher, has been employed by respondent school system since September, 1966. She was granted a one-year maternity leave of absence for the 1976-1977 school year. On February 28, 1977, she wrote to respondents requesting reinstatement. Respondents contend that, due to cutbacks in personnel, petitioner could not then be returned to work and was carried on "lay-off status", and that petitioner was so notified. Petitioner, however, says that she was told in February, 1977, that her leave might have to be continued because lay-offs had already occurred, and that she was further informed in August, 1977, by respondents that "policy" required that she not be recalled from her leave of absence until all laid-off teachers were first recalled. During the

* Circuit judge, sitting on the Court of Appeals by assignment.

school years 1977-1978 and 1978-1979, petitioner did not teach.

On August 21, 1979, respondent school board wrote to petitioner, informing her that it had decided to recall her to active teaching for the 1979-1980 school year. Included with the letter was a copy of the teachers' tenure act.

On January 5, 1980, counsel for petitioner sent letters to respondent school board and to an assistant superintendent of the Van Dyke Public Schools requesting a formal hearing on whether respondents rightfully denied petitioner reinstatement for two years after her leave of absence expired. Respondents apparently failed to reply to these letters. On February 21, 1980, Mrs. Kramer petitioned the commission for back pay for the two years during which she was on involuntary extended leave. Respondents moved for accelerated judgment, alleging that petitioner's appeal had not been filed within the 30-day statutory time limit for appeals to the commission (which required appeal of a school board's decision within 30 days from the date of such decision). Petitioner then moved for summary judgment based on respondent school board's failure to give petitioner proper notice of her rights under the teachers' tenure act, and moved for leave to amend her petition to allege that respondents had placed petitioner on "lay-off" status when they decided to recall her as a subterfuge to mask their denial of her rights under the teachers' tenure act.

On October 16, 1980, the commission granted respondents' motion and dismissed the petition, deciding the commission was without jurisdiction because petitioner had not filed her petition within the 30 days required by the teachers' tenure act.

The commission decided that respondent school board's letter of August 21, 1979, enclosing as it did a copy of the teachers' tenure act, comprised notice reasonably calculated to apprise petitioner of her statutory rights, and that respondent school board was not required to "inform the teacher of pertinent judicial interpretations of the act as well".

Petitioner's motion for rehearing was denied by the commission on April 10, 1981. She then petitioned the Ingham County Circuit Court for review of the commission's decision. On May 7, 1982, the circuit court reversed and remanded the case to the commission for a hearing on the merits, finding that respondents' letter of August 21, 1979, did not adequately inform petitioner of her statutory right to appeal to the commission. The court concluded that requiring respondents to inform petitioner that she had a right to appeal *any* of the school board's previous decisions so long as she did so within 30 days of receipt of that letter was not an excessive burden to place on respondents and was necessary in order for petitioner to fully understand her rights under the teachers' tenure act. An appropriate order was entered on May 19, 1982.

On appeal, respondents argue that their letter of August 21, 1979, to petitioner, accompanied by a copy of the teachers' tenure act, comprised sufficient notice to petitioner of her rights under the statute. The 30-day limit on time to appeal therefore lapsed long before petitioner actually appealed to the commission on February 21, 1980. Therefore, argue respondents, the circuit court clearly erred in reversing the commission's grant of accelerated judgment in favor of respondents. We disagree, and affirm the trial court's order

reversing and remanding to the commission for consideration on the merits.

The teachers' tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.,* establishes the rights possessed by a teacher who has been discharged or demoted by a school board. A petition challenging the action of a board of education must be filed with the commission within 30 days of the date of that decision. MCL 38.121; MSA 15.2021. The 30-day period of limitation begins to run at the time the teacher actually receives adequate notice of the school board's decision and notice of her rights under the tenure act, including her right to appeal. *Goodwin v Kalamazoo School Dist,* 82 Mich App 559; 267 NW2d 142 (1978); *Biberstine v Port Austin School Dist #9,* 51 Mich App 274; 214 NW2d 729 (1974), *lv den* 392 Mich 766 (1974). In the instant case, the commission determined that respondent school board's letter of August 21, 1979,[1] along with a clean copy of the teachers' tenure act, was adequate notice to petitioner, therefore causing the period of limitation to begin to run upon receipt by petitioner.

[1] Respondents' letter to petitioner read as follows:

"Dear Mrs. Kramer:

"Our records reflect that you were on leave of absence from September, 1976 through September, 1977 and then carried on lay-off status due to a lack of positions as a result of a declining enrollment in the Van Dyke Public Schools.

"A position is now available for you and you are requested to report for work on September 4, 1979.

"In the event you do not wish to report for work for any reason whatsoever, please notify the Board of Education as soon as possible.

"Enclosed is a copy of the Tenure Act which outlines your rights for a hearing in the event you do not agree with any Board decision.

"Sincerely yours,

Raymond Richard, President
Board of Education"

Petitioner argued to the circuit court, however, that the commission improperly applied the law to the facts of this case. Neither the letter of August 21, 1979, nor the enclosed copy of the teachers' tenure act, she argues, was sufficient to inform her of how the law was actually interpreted by the courts and how that interpretation affected her time to appeal. As noted, both *Biberstine* and *Goodwin* held that the 30-day limitation on appeals does not begin to run until a teacher is notified of the right to appeal. In this case, therefore, the 30-day limitation pertaining to all prior actions by respondents, including the failure to recall petitioner for the 1977-1978 and 1978-1979 school years, did not begin to run until at least August 21, 1979, when petitioner received her recall letter with a copy of the teachers' tenure act which "outlines your rights for a hearing in the event you do not agree with any Board decision". Without further explanation of the judicial gloss which had been established, however, allowing the 30-day limit to be tolled, it was not unreasonable for petitioner to conclude that it was too late for her to appeal respondents' decisions not to recall her in 1977 or 1978, since the letter did not indicate which board decisions were appealable. It would obviously have been unreasonable for petitioner to have appealed the latest of respondents' decisions (that recalling her) but a reading of the statute alone might reasonably have led petitioner to conclude that it was only the latest decision of the board, that falling within 30 days of receipt of the letter, which was appealable.

Our review of this issue convinces us that the circuit court did not err in reversing the decision of the commission. In a well-reasoned opinion which we adopt as our own, the circuit court said:

"Rudimentary due process demands that a person be given written notice of administrative action affecting an important interest. *Sponick v Detroit Police Dep't,* 49 Mich App 162; 211 NW2d 674 (1973). The interest of a tenured teacher in retaining a teaching position is a property interest protected by the Fourteenth Amendment to the United States Constitution. See, *e.g., Perry v Sindermann,* 408 US 593; 92 S Ct 2694; 33 L Ed 2d 570 (1972); *Dow v Michigan,* 396 Mich 192; 240 NW2d 450 (1976).

"Michigan courts have consistently held that the teacher tenure act was designed to protect teachers from unilateral school board action and that to effect this protection teachers must be given adequate notice of board action effecting *[sic]* them. *Biberstine, supra; Goodwin, supra; Shippey v Madison Dist Public Schools,* 55 Mich App 663; 223 NW2d 116 (1974). Thus, under the act a teacher is also entitled to rudimentary due process.

"It is clear to this court, that when a teacher, such as plaintiff, alleges that a school board's action amounted to a 'discharge or demotion' without just cause, MCL 38.101; MSA 15.2001, she is entitled to the notice requirements of *Goodwin* and *Biberstine, supra.* The real issue here is whether the notice in this case was adequate to inform plaintiff of her right to appeal. This court finds that it was not.

"In reaching this conclusion, the court must determine what process is due. Due process is flexible and requires such procedural protections as the particular situation demands. *Dow v Michigan, supra,* p 205. Notice must be reasonably calculated under all the circumstances, to advise an interested party of the pendency of the action and afford her an opportunity to present objections. *Mullane v Central Hanover Bank & Trust Co,* 339 US 306; 70 S Ct 652; 94 L Ed 2d 865 (1950).

"Applying the *Mullane* standard to this case, it is clear that the August 21 letter did not advise plaintiff of her right to appeal the board's earlier decisions regarding her recall. As previously discussed, upon reading the letter and the teacher tenure act, a reasonable person would conclude that the only appealable

board decision was one made within the 30-day time period prior to the filing of a petition with the Tenure Commission. See *Elgammal v Macomb County Intermediate School Dist,* 83 Mich App 444; 268 NW2d 679 (1978).

"Defendants argue, however, that they should not be burdened with providing legal advice to a teacher who would be adversely affected by school board actions. This is an extreme view of what adequate notice entails and is not what plaintiff requests. This court believes that the additional burden on the school board is not a heavy one, as defendants contend. All that was required for adequate notice in this case, was for the board to tell plaintiff that she had a right to appeal *any* of its previous decisions affecting her employment status, and that such an appeal had to be perfected within 30 days of receipt of the letter providing such notice. This additional sentence or two is not an undue burden on defendant. This is not 'more than notice of plaintiff's rights under the tenure act' as defendants contend * * *. Notice of the judicial gloss on the tenure act is essential for an interested teacher to know what decisions she may appeal and how long she has to appeal, as this case clearly illustrates." (Emphasis in original.)

Respondents argue on appeal, however, that even if that August 21, 1979, letter was insufficient to advise petitioner of her rights, petitioner was clearly fully informed of her rights by January 5, 1980, when her attorney wrote to respondents requesting action on petitioner's status. Therefore, respondents argue, petitioner still failed to meet the 30-day limitation period since she did not petition the commission until February 19, 1980, more than 30 days later.

We note that this argument was not raised by respondents before the commission or the circuit court and is not therefore properly before this Court. See *Freiberg v Big Bay de Noc School Dist,* 61 Mich App 404; 232 NW2d 718 (1975); *Ford v*

*Howard,* 59 Mich App 548; 229 NW2d 841 (1975). Furthermore, this Court held in *Goodwin, supra,* that the 30-day limitation period was tolled until a teacher receives her notice of rights *from the school board.* This burden was placed on school boards to ensure that they did not controvert the purposes of the teachers' tenure act by disguising board decisions, hoping teachers would not learn of their statutory right to appeal. In keeping with this purpose, we hold that actual notice received by a teacher from another source does not excuse a school board's failure to comply with its obligation to provide clear and informative notice.

Since we affirm the circuit court's decision reversing and remanding to the commission on the notice issue alone, we do not reach the substantive issues raised by the parties. These issues were not considered by the circuit court and are properly decided in the first instance by the commission which, because it granted accelerated judgment, has not yet had the opportunity to consider them.

Similarly, we decline to grant the relief requested by petitioner in her cross-appeal. The circuit court did not err in failing to grant summary judgment in favor of petitioner. The State Tenure Commission has jurisdiction over questions arising under the teachers' tenure act. *Rockwell v Crestwood School Dist,* 393 Mich 616, 630; 227 NW2d 736 (1975). Since the commission had neither considered nor decided the substantive issues raised by petitioner, the circuit court's action in remanding to the commission for consideration of those issues was appropriate and will not be reversed on appeal.

The circuit court correctly reversed the commission's grant of accelerated judgment and remanded for consideration on the merits.

Affirmed.

No costs, a public question being involved.