TOMIAK v HAMTRAMCK SCHOOL DISTRICT

Docket No. 74090. Submitted June 5, 1984, at Lansing.—Decided November 6, 1984.

Richard J. Tomiak, a tenured teacher with the Hamtramck school system, was laid off in September, 1976. In October, 1976, he signed a probationary teacher's contract with the Roseville school system. In January, 1977, Tomiak refused a recall to the Hamtramck system because of his contractual commitment in Roseville. The collective-bargaining agreement in effect in Hamtramck provided that a recalled teacher under contract elsewhere could accept a leave of absence for the remainder of that school year. In April, 1977, the Hamtramck school system sent Tomiak a new notice of layoff. Approximately two months later, the school system resolved to recall laid off teachers, including Tomiak. Tomiak again responded that he would not accept the recall because he was under contract in Roseville, and requested a one-year leave of absence. In September, 1977, the Hamtramck Board of Education voted to deny the leave of absence, and Tomiak's name was removed from the recall list. Tomiak received no notice as to the denial of his request for the leave of absence or the removal of his name from the recall list. Tomiak appealed the action of the board to the State Tenure Commission in November, 1980, seeking reinstatement and back pay. The Hamtramck School District and the Board of Education of the School District of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 68 Am Jur 2d, Schools §§ 187, 191.
Sufficiency of notice of intention to discharge teacher, or not to renew contract, under statutes requiring such notice. 92 ALR2d 751.
Sufficiency of teacher's request for hearing, under statute requiring hearing on request before discharge. 89 ALR2d 1018.
[3, 7] 68 Am Jur 2d, Schools § 149.
[4] 68 Am Jur 2d, Schools §§ 167, 168.
[5] 68 Am Jur 2d, Schools §§ 202, 204.
[6, 7] 68 Am Jur 2d, Schools § 160.
Termination of teacher's tenure status by resignation. 9 ALR4th 729.
[7] 68 Am Jur 2d, Schools § 205.

the City of Hamtramck (defendants) moved to dismiss the tenure commission action, contending that Tomiak's failure to accept one or both of the two recall offers ended his tenure status as a matter of law. Tomiak moved for a summary ruling contending that the attempt to terminate his employment status without affording him the rudimentary fundamentals of notice and an opportunity to be heard violated his tenure rights as a matter of law. The commission denied the motions by both parties, holding that Tomiak was not entitled to any advance notice or opportunity for a hearing and that Tomiak's refusal to accept one or both of the recalls did not automatically work a forfeiture of his continuing tenure status, but that the case must be resolved by an evidentiary hearing in which it would be determined whether Tomiak's failure to accept one or both of the recalls constituted an abandonment of his employment with defendants, thus negating his entitlement to protections as a tenured teacher. Tomiak filed a complaint for damages against defendants in Ingham Circuit Court, coupled with an interlocutory appeal from the decision of the tenure commission. The complaint challenged the school district's actions and the constitutionality of the teacher tenure act on the basis that the interpretation given the act by the commission worked a denial of equal protection and deprivation of Tomiak's property interest in his employment with defendants without due process of law. Defendants removed the action to the federal district court, which remanded the interlocutory appeal to the Ingham Circuit Court and stayed Tomiak's damage action pending resolution of the tenure commission proceedings and appeal through the state court. The Ingham Circuit Court refused to decide the appeal as an interlocutory matter and directed the parties to proceed with a hearing before the tenure commission. Following the hearing, the commission ruled that Tomiak's initial layoff was not improper, that a tenured teacher's right to recall is not necessarily extinguished by refusal of the first recall opportunity where the refusal is predicated upon a conflicting obligation to another school board, that Tomiak had voluntarily abandoned his employment with defendants by the end of the 1977-1978 school year, and that such abandonment obviated application of the procedural requriements of the teacher tenure act. Tomiak appealed that decision to the circuit court, and defendants cross-appealed. The court, Robert H. Bell, J., affirmed the commission's denial of Tomiak's petition for reinstatement. Tomiak appeals, and defendants cross-appeal. *Held:*

1. Defendants' contention that Tomiak's appeal to the commission was untimely lacks merit. The 30-day period of limita-

tion does not begin to run until the teacher receives notice of the board's decision and of his rights under the teacher tenure act, including the right to appeal. Tomiak was not given notice.

2. A teacher's refusal to accept the first recall opportunity does not automatically extinguish his or her recall rights, but a teacher who refuses a recall may be required to apply for a leave of absence, the granting of which, in the absence of a contractual provision to the contrary, is discretionary with the school board.

3. The State Tenure Commission's finding that Tomiak's initial layoff was proper and not a subterfuge for removing him from the school system without affording him the protections of the teacher tenure act is supported by competent, material and substantial evidence and will not be reversed.

4. Tomiak was entitled to a hearing before the board of education removed his name from the recall list, whether or not he abandoned his employment. The case is remanded for a hearing before the board of education on this issue.

5. In the absence of a more specific showing of prejudice to Tomiak, reinstatement of tenure and a hearing before the board of education constitute an adequate remedy on appeal. The issue of reinstatement and back pay may be addressed at the hearing.

Reversed and remanded.

1. SCHOOLS — TEACHER TENURE ACT — LIMITATION OF ACTIONS — NOTICE.

The 30-day period within which a tenured teacher who has been discharged or demoted must file a petition with the State Tenure Commission challenging the school board's action begins to run at the time the teacher actually receives adequate notice of the school board's action and notice of the teacher's rights under the tenure act, including the right to appeal (MCL 38.121; MSA 15.2021).

2. SCHOOLS — TEACHER TENURE ACT — NOTICE.

A school board must provide a tenured teacher with adequate notice of its decision to discharge or demote the teacher; actual notice received by the teacher from another source does not excuse a school board's failure to comply with this obligation or trigger the running of the 30-day period within which the teacher must challenge the board's actions (MCL 38.121; MSA 15.2021).

3. SCHOOLS — TEACHER TENURE ACT.

The purposes of the teacher tenure act are maintenance of an

adequate and competent teaching staff, retention of teachers who are qualified and capable, and prevention of the dismissal of such teachers without just cause.

4. SCHOOLS — TEACHER TENURE ACT — LAYOFFS — RECALL.

A laid off tenured teacher's refusal to accept the first recall opportunity does not automatically extinguish his or her recall rights; however, a teacher who refuses a recall may be required to apply for a leave of absence, and the granting of leaves of absence, in the absence of a contractual provision to the contrary, is discretionary with the school board (MCL 38.112; MSA 15.2012).

5. SCHOOLS — TENURE COMMISSION — QUALIFICATION OF TENURED TEACHER — SCOPE OF REVIEW.

The tenure commission, in reviewing a determination of a school board that a tenured teacher is not qualified for an available position, is constrained to apply the criteria for qualification set out by the school board unless that criteria is arbitrary, unreasonable or promulgated in bad faith; a determination by a school board which is not arbitrary, unreasonable or promulgated in bad faith is binding upon the tenure commission.

6. SCHOOLS — TEACHER TENURE ACT — LOSS OF TENURE — NOTICE.

A teacher's rights under continuing tenure may be lost if the teacher resigns without giving notice 60 days before the school year (MCL 38.111; MSA 15.2011).

7. SCHOOLS — TEACHER TENURE ACT — DISMISSAL.

School boards are not allowed to summarily dismiss tenured teachers, even if the tenure commission later finds that the teacher had discontinued his service, because the legislative intent in the teacher tenure act would be violated since the burden would be on the tenured teacher to persuade the tenure commission that he should not have been dismissed.

*David Melkus,* for plaintiff.

*Thomas W. H. Barlow,* for defendant.

Before: GRIBBS, P.J., and BRONSON and SHEPHERD, JJ.

SHEPHERD, J. Plaintiff appeals as of right from the circuit court's affirmance of a State Tenure Commission decision denying his petition for rein-

statement. Defendants cross-appeal, raising two issues. We reverse and remand for a hearing before the defendant school board.

Plaintiff, a teacher who had achieved tenured status with the Hamtramck school system, was laid off in September, 1976. In October of that year, plaintiff signed a probationary teacher's contract with the Roseville school system. In January, 1977, plaintiff refused a recall to the Hamtramck system because of his contractual commitment in Roseville. The collective-bargaining agreement in effect in Hamtramck provided that a recalled teacher under contract elsewhere could accept a leave of absence for the remainder of the present school year.

Defendant sent plaintiff a new notice of layoff in April, 1977. About two months later, the defendant board resolved to recall laid off teachers, including plaintiff. By letter, plaintiff again responded that he would not accept the recall because he was under contract in Roseville, and requested a one-year leave of absence. On September 6, 1977, the defendant board voted to deny the leave of absence. Plaintiff's name was subsequently removed from defendants' recall list. Defendants notified plaintiff neither of the board vote nor of the deletion of his name from the list.

Plaintiff did not appeal to the State Tenure Commission until November, 1980. Defendants moved for dismissal on the ground that plaintiff's appeal was untimely. MCL 38.121; MSA 15.2021. The commission held that the appeal was timely, as defendants had never informed plaintiff of his right to appeal, thus tolling the 30-day period of limitation.

In his appeal to the commission, plaintiff claimed that his initial layoff was actually a subterfuge for a summary discharge, since defendants

retained two teachers with lesser qualifications and seniority in positions for which plaintiff was qualified. Plaintiff also claimed that defendants should have taken formal action before revoking his tenure and that the procedural requirements of the teacher tenure act applied. MCL 38.101 *et seq.;* MSA 15.2001 *et seq.* Defendants argued that plaintiff had abandoned his employment with the Hamtramck system, so that he was not within the protections of the act, and that plaintiff had no right to a recall once he refused the first recall opportunity in January, 1977. The commission held as follows:

(1) Plaintiff's initial layoff was "not improper" because he lacked necessary qualifications, mandated by federal law, for the positions occupied by the two teachers in question;

(2) A tenured teacher's right to recall is not necessarily extinguished by refusal of the first recall opportunity, where the refusal is predicated upon a conflicting obligation to another school board;

(3) A finding that plaintiff voluntarily abandoned his employment would obviate application of the procedural requirements of the teacher tenure act, since it involves no revocation of continuing tenure by the school board;

(4) The evidence established that plaintiff abandoned his employment. Plaintiff "had totally relinquished his employment relationship with Hamtramck by the end of the 1977-1978 school year".

We first consider the issues raised by defendants on cross-appeal. First, defendants argue that plaintiff's appeal to the commission was untimely, citing the 30-day limitation contained in the statute. MCL 38.121; MSA 15.2021. According to defendants, plaintiff knew or should have known of the board's action by the time his requested leave of

absence would have expired (*i.e.,* June, 1978), so that his appeal more than two years later was barred. This argument lacks merit. The 30-day period of limitation does not begin to run until the teacher receives notice of the board's decision and of his rights under the act, including the right to appeal. *Goodwin v Kalamazoo School Dist Bd of Ed,* 82 Mich App 559; 267 NW2d 142 (1978); *Biberstine v Port Austin Public School Dist #9,* 51 Mich App 274; 214 NW2d 729 (1974), *lv den* 392 Mich 766 (1974). "[A]ctual notice received by a teacher from another source does not excuse a school board's failure to comply with its obligation to provide clear and informative notice." *Kramer v Van Dyke Schools,* 134 Mich App 479, 488; 351 NW2d 572 (1984).

Next, defendants argue that the controversy regarding removal of plaintiff's name from their employment list is of no significance, since plaintiff's recall rights evaporated upon his refusal of the first recall. Defendants refer to the following section of the statute:

"Any teacher on permanent tenure whose services are terminated because of a necessary reduction in personnel shall be appointed to the first vacancy in the school district for which he is certified and qualified." MCL 38.105; MSA 15.2005.

Defendants urge that this provision plainly and unambiguously restricts the right of recall to the first offered vacancy for which the teacher is certified and qualified. We are of the view that the statute does not directly address the issue presented here. That a teacher is entitled to the first available position sheds no light on whether refusal of that position destroys all of the teacher's rights under the act. The answer to this question,

one of first impression, can only be derived from "the spirit and purpose of the statute". *Spears v Hazel Park,* 131 Mich App 457, 462; 346 NW2d 340 (1984).

The purposes of the teacher tenure act are maintenance of an adequate and competent teaching staff, retention of teachers who are qualified and capable, and prevention of the dismissal of such teachers without just cause. *Rehberg v Melvindale Bd of Ed, Ecorse Twp School Dist #11,* 330 Mich 541, 545; 48 NW2d 142 (1951); *Holton Public Schools v Farmer,* 77 Mich App 765, 770; 259 NW2d 219 (1977), *lv den* 402 Mich 909 (1978). In this case, the commission held that defendants' interpretation of the statute is at odds with the statutory purpose. We agree. As noted by the commission below, when a tenured teacher's services are terminated due to a necessary reduction in personnel, no controlling board can realistically expect the teacher to remain idle in the hope that a vacancy will occur. Defendants' view, if adopted, might cause other school systems to refrain from hiring qualified teachers who are laid off, for fear that the teachers would have to accept the first recall by their prior employer or forfeit tenure previously achieved.

We hold that a teacher's refusal to accept the first recall opportunity does not automatically extinguish his or her recall rights. We do not hold that the school board is powerless to sever its relationship with such a laid-off teacher. A teacher who refuses a recall may be required to apply for a leave of absence, as was plaintiff here. Leaves of absence are, in the absence of a contractual provision to the contrary, discretionary with the school board. MCL 38.112; MSA 15.2012.

We next address the issues raised by plaintiff in his appeal. First, plaintiff challenges the commis-

sion's finding that his initial layoff was proper and not a subterfuge for removing him from the school system without the protections of the statute. *Chester v Harper Woods School Dist,* 87 Mich App 235, 244; 273 NW2d 916 (1978), *lv den* 406 Mich 942 (1979); *Freiberg v Big Bay De Noc Bd of Ed,* 61 Mich App 404; 232 NW2d 718 (1975). We affirm the commission's findings on this issue, as they are supported by competent, material and substantial evidence. *Beebee v Haslett Public Schools (After Remand),* 406 Mich 224, 231; 278 NW2d 37 (1979). Plaintiff was not qualified for the remedial reading positions occupied by the two teachers in question. Even where qualifications are promulgated by the school board, the tenure commission properly applies them unless the qualifications are arbitrary, unreasonable, or adopted in bad faith. *Chester, supra,* p 246. Here, the qualifications are mandated by the federal government. Plaintiff's claim lacks merit because he lacked these necessary qualifications.

Next, plaintiff argues that he was entitled to a hearing before the board removed his name from the recall list. MCL 38.102; MSA 15.2002. He urges that prior notice and a hearing are mandated not only by the statute, but by the Due Process Clauses of the state and federal constitutions. US Const, Am XIV; Const 1963, art 1, § 17. In the alternative, plaintiff argues that there was insufficient evidence before the commission to support its finding that he abandoned his employment. We hold that plaintiff was entitled to a hearing before the defendants removed his name from the recall list, whether or not he abandoned his employment. Accordingly, we remand for a hearing before the Hamtramck Board of Education, and decline to address the other issues listed above.

The commission concluded that plaintiff aban-

doned his employment in Hamtramck in favor of his contractual commitment in Roseville. Thus, according to the commission, there was no revocation of tenure by defendants, but only an acknowledgment of plaintiff's voluntary abdication of tenure. We disagree with this characterization of the circumstances. Even if plaintiff had already decided to give up his rights in Hamtramck, it is clear that he still had tenure there until defendants removed his name from the recall list. It cannot be denied that defendants acted, and that their action amounted to a revocation of plaintiff's tenure. A teacher may remove himself from the protections of the statute by expressly resigning without giving the 60-days' notice required by MCL 38.111; MSA 15.2011. *Wright v Port Huron Area School Dist,* 13 Mich App 1, 5; 163 NW2d 673 (1968). However, there was no such resignation in this case. In *Rumph v Wayne Community School Dist,* 31 Mich App 555, 562; 188 NW2d 71 (1971), *rev'd on other grounds,* 393 Mich 809 (1975), this Court stated as follows concerning an action similar to that of defendants herein:

"[W]e find it to be contrary to the legislative intent, as expressed in the tenure act, to permit school boards to summarily dismiss tenure teachers and then have the Tenure Commission, after the fact, find that the teacher had discontinued his services. Such a procedural approach places the burden upon the tenure teacher to persuade the commission that he should not have been dismissed, rather than the present statutory approach which places the burden upon those making charges against the tenure teacher."

In this case, defendants summarily revoked plaintiff's tenure. There was no evidence that defendants acted upon a finding of "abandonment". Rather, it appears that they acted immediately

upon denying plaintiff a second leave of absence. Of course, repeated requests for leaves of absences because of a conflicting contractual commitment are a possible basis for tenure revocation proceedings, since leaves of absence are discretionary with the school board. MCL 38.112; MSA 15.2012. At issue here, however, is the process accorded to the teacher whose tenure is revoked. Under the tenure act, rights to continuing tenure include the procedural safeguards set forth in the act. *Rumph, supra,* p 561.

There remains the question of remedy. Plaintiff argues that reinstatement with back pay is appropriate because he has been forever deprived of the opportunity to present his case to the school board at the critical moment of decision. We reject this argument. Plaintiff ignores the fact that he was neither employed by, nor interested in employment by, defendants when they revoked his tenure. In these circumstances, reinstatement with back pay would be excessive. In the absence of a more specific showing of prejudice to plaintiff, reinstatement of tenure only and a hearing before the board constitute an adequate remedy. *Jacobs v Highland Park Police & Fire Civil Service Comm,* 98 Mich App 691, 699-700; 296 NW2d 634 (1980). The issue of reinstatement and back pay may be addressed at the hearing.

We are not directing the board to dispose of this matter in any specific way. We are merely holding that, at the time plaintiff's name was stricken from the rolls, he had a right to a hearing before the board. After such a hearing, he will have the right to pursue all avenues of appeal allowed by law in the event he is not successful.

Reversed and remanded for further proceedings consistent with this opinion.

No costs, a public question being involved.