MOLTER v DEPARTMENT OF TREASURY

Docket No. 125786. Submitted March 4, 1992, at Detroit. Decided
April 6, 1992, at 9:30 A.M. Leave to appeal sought.

Albert J. Molter brought an action in the Court of Claims against
the Department of Treasury, Revenue Division, seeking a re-
fund of Michigan income tax withheld from disbursements
from a deferred compensation plan established pursuant to the
26 USC 457 where the disbursements were made after January
1, 1983, the date on which the plaintiff became a permanent
resident of the State of Florida. The court, Peter D. Houk, J.,
granted in part the defendant's motion for summary disposi-
tion, finding that the deferred compensation that the plaintiff
originally earned while a resident of Michigan and that was
paid to him while a resident of Florida was subject to Michigan
income tax, and that the interest that accrued on the deferred
compensation while the plaintiff was a resident of Michigan
also was subject to Michigan income tax. The court additionally
held that the plaintiff was denied equal protection of the law
because the defendant withheld Michigan income tax from
disbursements from the 457 plan, offered only to employees of
state and local governments and tax-exempt organizations, but
did not withhold income tax from the deferred compensation
plans offered by private employers. However, it determined
that the plaintiff was not entitled to a refund because the
defendant did not engage in this disparate treatment know-
ingly and intentionally. The plaintiff appealed, and the defen-
dant cross appealed.

The Court of Appeals held:

1. The court properly determined that all the contributions
the plaintiff made to the deferred compensation plan were from
income he earned for the rendition of personal services per-
formed in the state and that, under MCL 206.110(2)(a); MSA

REFERENCES

Am Jur 2d, Federal Taxation §§ 3100 et seq.; State and Local
Taxation § 602.
See the Index to Annotations under Equal Protection of Laws;
Income Tax; Taxes; Withholding Taxes.

7.557(1110)(2)(a), all the contributions were subject to Michigan income tax.

2. The court also properly determined that the interest that accrued on the contributions to the deferred compensation plan while the plaintiff was a resident of Michigan was subject to Michigan income tax, despite the fact that the interest was neither posted nor distributed to the plaintiff until after he became a resident of Florida.

3. The court erred in finding that the defendant violated the plaintiff's equal protection rights by failing to withhold income taxes from deferred compensation plans offered by private employers. The plaintiff and other residents and nonresidents receiving deferred compensation from private employers are similarly situated and treated alike for the purpose of being subject to Michigan income tax. There is no failure to tax equally similarly situated entities. The only difference occurs in the time or method of collection. The constitutional requirement of uniformity of taxation, Const 1963, art 9, § 3, is concerned with uniformity of rates and assessment and not with uniformity in the time of collection.

Affirmed in part and reversed in part.

1. TAXATION — INCOME TAX — DEFERRED COMPENSATION — INTEREST — NONRESIDENTS.

Interest earned by funds in a deferred compensation plan established pursuant to 26 USC 457 is subject to Michigan income tax as long as the contributor is a resident of Michigan; interest earned by those funds after the contributor has changed permanent residency to another state is not subject to Michigan income tax; it is the time the interest is earned that is controlling, not the time the interest is posted or disbursed (MCL 206.113; MSA 7.557[1113]).

2. CONSTITUTIONAL LAW — EQUAL PROTECTION — UNIFORMITY OF TAXATION.

The constitutional requirement of uniformity of taxation is concerned with uniformity of rates and assessment and not with uniformity in the time of collection (Const 1963, art 9, § 3).

*Coticchio, Zotter, Sullivan, Molter, Skupin & Turner, P.C.* (by *Ronald A. Molter*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Richard R. Roesch*

and *Ross H. Bishop,* Assistant Attorneys General, for the defendant.

Before: NEFF, P.J., and GRIBBS and MURPHY, JJ.

MURPHY, J. Plaintiff appeals from a January 2, 1990, order of the Court of Claims granting partial summary disposition under MCR 2.116(C)(10) in favor of defendant and dismissing plaintiff's complaint for a refund of Michigan income tax. Defendant cross appeals from the Court of Claims' finding that defendant violated plaintiff's equal protection rights. We affirm in part and reverse in part.

Plaintiff was employed by defendant until his retirement on December 31, 1980. In 1976, plaintiff entered into a deferred compensation plan established pursuant to 26 USC 457 (hereinafter the 457 plan) that was offered by the Civil Service Commission. The 457 plan is offered only to employees of state and local governments and tax-exempt organizations. Between 1976 and his retirement, plaintiff made substantial contributions to the 457 plan. In 1982, plaintiff began to withdraw from the principal contributions. On January 1, 1983, plaintiff became a permanent resident of the State of Florida. At the time plaintiff became a resident of Florida, he had also accrued interest on the principal that he had contributed to the 457 plan. By March 1986, plaintiff had received payments equaling his principal contribution. By July 1988, plaintiff had received payments equaling the interest that had accrued on that principal while he was a resident of Michigan.[1] From the time plaintiff became a permanent resident of Florida on January 1, 1983, defendant withheld Michigan income tax from the disbursements when they were made.

---

[1] The parties agree that the relevant tax period at issue is December 31, 1982, through July 1988.

Plaintiff subsequently filed an action in the Court of Claims, arguing that he was entitled to a refund of all amounts of Michigan income tax withheld after January 1, 1983. Plaintiff argued that the income tax violated the Income Tax Act, MCL 206.1 *et seq.*; MSA 7.557(101) *et seq.*, because he was a resident of Florida and had not performed work in Michigan for any year after 1982, and that the withholding of the income tax violated the Equal Protection Clauses of the federal and Michigan Constitutions because participants in deferred compensation plans offered by private employers were not subject to Michigan income tax withholding before disbursement or to any Michigan income tax whatsoever.[2]

In an opinion and order entered on January 2, 1990, the Court of Claims granted in part defendant's motion for summary disposition, finding that pursuant to § 110 of the Income Tax Act, MCL 206.110(2)(a); MSA 7.557(1110)(2)(a), the deferred compensation that plaintiff originally earned while a resident of Michigan and paid to him while a resident of Florida was subject to Michigan income tax. The Court of Claims also held that the interest accrued on the deferred compensation while plaintiff was a resident of Michigan was subject to Michigan income tax. In regard to plaintiff's equal protection argument, the Court of Claims held that plaintiff was denied equal protection of the law because defendant withheld Michigan income tax from the 457 plan but did not withhold such tax from the deferred compensation plans offered by private employers. The Court of Claims found, however, that because

---

[2] Generally, all deferred compensation plans are subject to federal income tax, which is required to be withheld at the time of disbursement. See 26 USC 3401 and 26 USC 3405 of the Internal Revenue Code.

defendant did not engage in this disparate treatment knowingly and intentionally, plaintiff was not entitled to any refund of the Michigan income tax withheld. Plaintiff subsequently moved for reconsideration, which the Court of Claims denied in an opinion and order entered on January 22, 1990.

Under § 110 of the Income Tax Act, MCL 206.110(2)(a); MSA 7.557(1110)(2)(a), nonresidents of Michigan are subject to income taxation as follows:

> (2) For a nonresident individual, estate, or trust, all taxable income is allocated to this state to the extent it is earned, received, or acquired in 1 or more of the following ways:
> (a) For the rendition of personal services performed in this state.

Plaintiff argues that § 110 does not apply to the deferred compensation he received during the years after December 31, 1982, because he performed no personal services within Michigan after December 31, 1982, when he became a permanent resident of Florida. We disagree.

On August 26, 1985, defendant released Income Tax Bulletin 1985-1 entitled "Taxability of Deferred Compensation." This bulletin provides, in pertinent part, the taxability of deferred compensation for nonresidents:

> #### MICHIGAN INCOME TAX
> . . . In the case of a nonresident, all taxable income is allocated to this state to the extent it is earned, received or acquired for rendition of personal services performed within Michigan. Deferred compensation does not qualify for the retirement or pension exemption.
>
> *     *     *

Nonresidents

\* \* \*

If an individual changes his or her domicile from Michigan to another state, the balance of the deferred compensation fund, including accrued interest up to the date of the change of domicile, is subject to Michigan income tax.

\* \* \*

Withholding Tax

Deferred Compensation, including accrued interest, earned in Michigan is subject to Michigan withholding tax at the time it is received by the recipient whether the recipient is a resident or a nonresident (authority to require employer (payor) to withhold under IRS Revenue Ruling 8246 and Sections 206.351(1) and 206.355 of the Michigan Compiled Laws). [Department of Treasury Income Tax Bulletin 1985-1, dated August 26, 1985.]

"The construction placed upon a statute by the agency legislatively chosen to administer it is entitled to great weight." *In re D'Amico Estate,* 435 Mich 551, 559; 460 NW2d 198 (1990); *Davis v River Rouge Bd of Ed,* 406 Mich 486, 490; 280 NW2d 453 (1979). Pursuant to Bulletin 1985-1, we believe that the Court of Claims correctly determined that the compensation that plaintiff deferred into his 457 plan was subject to Michigan income tax. Plaintiff earned income while employed by defendant between 1976 and 1980. This income was earned as a result of personal services plaintiff performed in Michigan while a resident of Michigan. A portion of this income was deferred to his 457 plan. Thus, all of the contributions that plaintiff made to the 457 plan were from the income he "earned . . . [f]or the rendition of personal services performed" in the State of Michigan and therefore were subject to Michigan income tax.

Plaintiff next argues that any deferred compensation that he received after December 31, 1982, which included interest earned while plaintiff was a resident of Michigan, was not subject to Michigan income tax because he was a resident of Florida at the time it was disbursed. We disagree and hold that the interest that accrued on the contributions to the 457 plan while plaintiff was a resident of Michigan was subject to Michigan income tax, despite the fact that it was distributed while plaintiff was a resident of Florida. As quoted above, Bulletin 1985-1 specifically addresses accrued interest: "If an individual changes his or her domicile from Michigan to another state, the balance of the deferred compensation fund, including accrued interest up to the date of the change of domicile, is subject to Michigan income tax." Additionally, § 113 of the Income Tax Act, MCL 206.113; MSA 7.557(1113), governs interest accrued while a resident:

> Interest and dividends are allocable to this state if the taxpayer is a resident partnership, estate or trust or individual of this state or has a commercial domicile in this state.

Here, defendant taxed only the interest on the principal contribution to the 457 plan that accrued until December 31, 1982, at which time plaintiff was a permanent resident of Michigan. Any interest that accrued after December 31, 1982, was not subject to Michigan income tax. Thus, because the interest accrued while plaintiff was a resident of Michigan, the Court of Claims properly found that it was subject to Michigan income tax. Plaintiff received the benefit of not having the tax assessed at the time he earned the income because of deferment under the 457 plan and should not be

heard to complain by having the tax imposed at the time of distribution.

Plaintiff next asserts that, even if the interest that accrued while he was a resident of Michigan is subject to Michigan income tax, defendant did not post the interest for the fourth quarter of 1982 until January 1, 1983, and thus this interest was not taxable and a refund is due. This argument is without merit because the record clearly indicates that this interest accrued while plaintiff was a resident of Michigan. The function of posting is a mere accounting procedure that should not preclude the fact that the interest was accrued while plaintiff was a resident of Michigan.

Defendant cross appeals and argues that the Court of Claims erred in finding that defendant violated plaintiff's equal protection rights by failing to withhold income tax from deferred compensation plans offered by private employers. We agree.

Equal protection of the law is guaranteed by both the federal and Michigan Constitutions, US Const, Am XIV; Const 1963, art 1, § 2, and the same analysis is used for both in determining whether an equal protection violation has occurred. *Armco Steel Corp v Dep't of Treasury,* 419 Mich 582, 591; 358 NW2d 839 (1984); *Ludka v Dep't of Treasury,* 155 Mich App 250, 261-262; 399 NW2d 490 (1986). The equal protection guarantee requires that persons under similar circumstances be treated alike; it does not require that persons under different circumstances be treated the same. *El Souri v Dep't of Social Services,* 429 Mich 203, 207; 414 NW2d 679 (1987); *Thompson v Merritt,* 192 Mich App 412, 424; 481 NW2d 735 (1991). In the present case, we believe that plaintiff and other residents and nonresidents receiving deferred compensation from private employers are

similarly situated and treated alike for the purpose of being subject to Michigan income tax.

In finding that plaintiff's equal protection rights had been violated, the Court of Claims relied upon the Michigan Constitution, Const 1963, art 9, § 3,[3] which provides in pertinent part:

> Every tax other than the general ad valorem property tax shall be uniform upon the class or classes on which it operates.

The constitutional requirement of uniformity of taxation is concerned with uniformity of rates and assessment and not with uniformity in the time of collection. *Harper Creek School Dist v LeRoy Twp Supervisor,* 146 Mich App 515, 535; 382 NW2d 172 (1985). Uniformity as used in the Michigan Constitution simply guarantees equality of the tax burden. *Plymouth Twp v Wayne Co Bd of Comm'rs,* 137 Mich App 738, 749; 359 NW2d 547 (1984). Here, both the 457 plan and the deferred compensation plans offered by private employers are subject to Michigan income tax. The only difference between the two is the mechanism of collection. Under the 457 plan, defendant is withholding the income tax before the deferred compensation is distributed. Under the deferred compensation plans offered by private employers, the employers are not withholding the tax at the time of disbursement and consequently the burden lies with the recipient to report the income when filing an income tax return and to then pay what is due and owing in tax. Thus, contrary to the Court of Claims' finding, there is no failure to equally tax

---

[3] "As a practical matter, in cases involving taxing statutes, there is no discernible difference between the Equal Protection and Uniformity of Taxation Clauses." *Armco, supra,* 592; *Iroquois Properties v East Lansing,* 160 Mich App 544, 565; 408 NW2d 495 (1987).

similarly situated entities. The only difference occurs in the time or method of collection.

Furthermore, plaintiff's argument that defendant has essentially "released" or "forgiven" the tax liability of the individuals enrolled in deferred compensation plans offered by private employers is without merit. While defendant admits that income tax collection problems may exist with the deferred compensation plans offered by private employers because employers are not withholding from the disbursements, the failure to withhold does not release or forgive the imposition of the tax, but only places the responsibility of reporting the compensation on the recipient.[4]

We affirm the Court of Claims' finding that plaintiff was subject to Michigan income tax between December 31, 1982, and July 1988, and reverse its finding that plaintiff's equal protection rights were violated.

[4] We are also cognizant of defendant's argument that it cannot withhold under § 351 of the Income Tax Act, MCL 206.351; MSA 7.557(1351), Michigan income tax from deferred compensation plans offered by private employers because these plans are not excluded from the definition of wages under 26 USC 3401 and 26 USC 3402. Because we have found that plaintiff's equal protection rights have not been violated, we do not feel compelled to address this issue. Nevertheless, we believe that defendant would be better advised to bring this matter to the attention of the Legislature, which is empowered with the means of amending the Income Tax Act to provide for the withholding of income tax from private deferred compensation plans, if that is the desire of the Legislature.